[No. S018015. Nov. 21, 1991.]

MELLET STANGVIK et al., Plaintiffs and Appellants, v.
SHILEY INCORPORATED et al., Defendants and Respondents.

JENNY MIKAELA MARIE THERESE BIRGITTA KARLSSON et al.,
Plaintiffs and Appellants, v.
SHILEY INCORPORATED et al., Defendents and Respondents.

**COUNSEL**

Robins, Kaplan, Miller & Ciresi, Bruce A. Finzen, Joseph L. Dunn and Gary L. Wilson for Plaintiffs and Appellants.

Kaye, Scholer, Fierman, Hays & Handler, Pierce O'Donnell, Palmieri, Tyler, Wiener, Wilhem & Waldron, Frank C. Rothrock, Gary C. Weisberg, Michele D. Murphy, Skadden, Arps, Slate, Meagher & Flom and Malcolm E. Wheeler for Defendants and Respondents.

Harvey M. Grossman, Nielsen, Merksamer, Hodgson, Parrinello & Mueller, Steve Merksamer, John E. Mueller, James C. Gross, Thomas W. Hiltachk, Arthur R. Miller, Mayer, Brown & Platt, Kenneth S. Geller, Evan M. Tager, James G. Duncan, Stephen M. Shapiro, Pillsbury, Madison & Sutro, Walter R. Allan, Alson R. Kemp, Jr., Mark H. Penskar and Dale C. Lysak as Amici Curiae on behalf of Defendants and Respondents.

Crosby, Heafy Roach & May, Raoul D. Kennedy, Peter W. Davis, James C. Martin and Paul D. Fogel as Amici Curiae.

## OPINION

MOSK, J.—In this case we address the question of the appropriate standards to be applied in deciding whether a trial court should grant a motion based on the doctrine of forum non conveniens when the plaintiff, a resident of a foreign country, seeks to bring suit against a California corporation in the courts of this state. We granted review to resolve a conflict between the opinion of the Court of Appeal in the present case on the one hand, and *Corrigan* v. *Bjork Shiley Corp.* (1986) 182 Cal.App.3d 166 [227 Cal.Rptr. 247], and *Holmes* v. *Syntex Laboratories, Inc.* (1984) 156 Cal.App.3d 372 [202 Cal.Rptr. 773], on the other.

Plaintiffs, members of two families, one residing in Norway and the other in Sweden, are the wives and children of two men who received heart valve implants in the countries of their residence. The valves were designed and manufactured in California by defendant Shiley Incorporated (Shiley), a California corporation. In both cases, the valves allegedly failed, and the patients died. Thereafter, plaintiffs filed suit in California against Shiley and its parent company, a Delaware corporation (hereinafter defendants), alleging that the valves were defective. They sought damages based on theories of negligence, strict liability, breach of warranty, fraud, and loss of consortium. One of the complaints also sought recovery for negligent infliction of emotional distress.

Defendants moved to dismiss or stay the actions on the ground of forum non conveniens, as authorized by section 410.30 of the Code of Civil

Procedure.[1] They asserted that the cases should be tried in Sweden and Norway because it was in those countries that the plaintiffs resided, the valves were sold, decedents received medical care, the alleged fraudulent representations were made, and evidence regarding the provision of health care and other matters existed. Plaintiffs countered that California was the more convenient place of trial because the valves were designed, manufactured, tested and packaged in California. The parties introduced conflicting evidence regarding plaintiffs' legal rights and remedies in Scandinavia, and each claimed that the most important and numerous documents and witnesses were located in the country which they asserted was the most appropriate place for trial. The trial court found in favor of defendants, concluding that California was an inconvenient forum and that Sweden and Norway provided adequate alternative forums for resolution of the actions. It stayed the actions, and retained jurisdiction to make such further orders as might become appropriate. The order was subject to seven conditions, with which defendants agreed to comply.[2]

The Court of Appeal affirmed, after discussing the various private and public interest factors relevant to a determination of the appropriate forum for the trial of an action under the doctrine of forum non conveniens. It declined to follow *Corrigan* v. *Bjork Shiley Corp., supra,* 182 Cal.App.3d 166 (hereafter *Corrigan*), and *Holmes* v. *Syntex Laboratories, Inc., supra,* 156 Cal.App.3d 372 (hereafter *Holmes*), a case which preceded *Corrigan* by two years.

Plaintiffs claim that the convenience of the parties and public policy would be best served if the actions were tried in California, and that the Court of Appeal distorted the analysis of these factors in upholding the trial court's decision. They assert also that the appellate court failed to analyze or give weight to certain matters which prior California decisions have held are relevant to a determination of a forum non conveniens motion. We conclude that the Court of Appeal correctly decided the case and affirm its judgment.

---

[1] Section 410.30 of the Code of Civil Procedure provides in relevant part, "when a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." All further statutory references are to the Code of Civil Procedure.

[2] The conditions were: (1) submission to jurisdiction in Sweden and Norway; (2) compliance with discovery orders of the Scandinavian courts; (3) agreement to make past and present employees reasonably available to testify in Sweden and Norway at defendants' cost if so ordered within the discretion of Scandinavian courts; (4) tolling of the statute of limitations during the pendency of the actions in California; (5) agreement to make documents in their possession in the United States available for inspection in Sweden and Norway, as required by Scandinavian law, at defendants' expense; (6) agreement that depositions in the United States might proceed under section 2029; and (7) agreement to pay any final judgments rendered in the Scandinavian actions.

■  Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere. (*Leet* v. *Union Pac. R. R. Co.* (1944) 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008].) The doctrine was first applied in California in *Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577 [268 P.2d 457, 43 A.L.R.2d 756] (hereafter *Price*). We described the basis of the doctrine as follows: " 'There are manifest reasons for preferring residents in access to often overcrowded Courts, both in convenience and in the fact that broadly speaking it is they who pay for maintaining the Courts concerned.' . . . [T]he injustices and the burdens on local courts and taxpayers, as well as on those leaving their work and business to serve as jurors, which can follow from an unchecked and unregulated importation of transitory causes of action for trial in this state . . . require that our courts, acting upon the equitable principles . . . , exercise their discretionary power to decline to proceed in those causes of action which they conclude, on satisfactory evidence, may be more appropriately and justly tried elsewhere." (*Id.* at pp. 582-584.)

■  In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a "suitable" place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. (*Piper Aircraft Co.* v. *Reyno* (1981) 454 U.S. 235, 259-261 [70 L.Ed.2d 419, 437-439, 102 S.Ct. 252] (hereafter *Piper*); *Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501, 507-509 [91 L.Ed. 1055, 1061-1063, 67 S.Ct. 839].)

■  On a motion for forum non conveniens, the defendant, as the moving party, bears the burden of proof. The granting or denial of such a motion is within the trial court's discretion, and substantial deference is accorded its determination in this regard. (*Piper, supra,* 454 U.S. at p. 257 [70 L.Ed.2d at

pp. 436-437]; *Lacey v. Cessna Aircraft Co.* (3d Cir. 1991) 932 F.2d 170, 178-179; *Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps, Rothenberg & Tunney* (1988) 202 Cal.App.3d 1424, 1436 [249 Cal.Rptr. 559].)

■ On the first of these issues, whether the case may be "suitably" tried in Norway and Sweden, the answer is clear. The Judicial Council comment to section 410.30 declares in part, "[T]he action will not be dismissed unless a suitable alternative forum is available to the plaintiff [citations]. Because of . . . [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state [citations]." (Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 410.30, pp. 492-493, hereinafter referred to as Judicial Council Comment.) Defendants stipulated that they would submit to jurisdiction in Sweden or Norway, respectively, as well as to the tolling of the statute of limitations during the pendency of the actions in California. Thus, the courts of Sweden and Norway present suitable forums for trial of the actions.[3]

■ We proceed, then, to the second and more difficult question, whether the Court of Appeal erred in concluding that the balance of the private and public interests justified a stay of the actions. The court relied heavily on *Piper, supra,* 454 U.S. 235, in reaching its decision. *Piper,* like the present case, involved foreign plaintiffs who sought to hold an American manufacturer liable for deaths which occurred in a foreign country. There, an airplane built by the defendant in Pennsylvania, crashed in Scotland, killing several residents of that country. The representative of the decedents' estates filed a wrongful death action in federal district court, alleging negligence and strict liability. The district court in Pennsylvania granted a motion by defendants on the ground of forum non conveniens, concluding that Scotland was the appropriate forum for trial of the action. The circuit court reversed the judgment because Scottish law was less favorable to the plaintiffs than the law of Pennsylvania.

This decision was in turn reversed by the Supreme Court, in an opinion which discussed the factors to be considered in determining a forum non

[3] *Holmes, supra,* 156 Cal.App.3d 372, appears to consider the "suitability" of the alternative forum not as a threshold inquiry, as applied above, but as part of the discretionary determination of the balance of conveniences. We decline to follow this approach. The Judicial Council Comment makes it clear that the question of a suitable alternative forum depends not on the factors relevant to the convenience of the parties and the interests of the public, but on whether an action may be commenced in the alternative jurisdiction and a valid judgment obtained there against the defendant. (See Note, *Considerations of Choice of Law in the Doctrine of Forum Non Conveniens* (1986) 74 Cal.L.Rev. 565, 587-590.)

conveniens motion. The high court, in its analysis of the doctrine, reiterated long-standing principles, first clearly enunciated by it in *Gulf Oil Corp.* v. *Gilbert, supra*, 330 U.S. 501, and later applied in California in *Price, supra*, 42 Cal.2d 577. The court warned that the private and public interest factors must be applied flexibly, without giving undue emphasis to any one element. A court should not decide that there are circumstances in which the doctrine will always apply or never apply. Otherwise, the flexibility of the doctrine would be threatened, and its application would be based on identification of a single factor rather than the balancing of several. (*Piper, supra*, 454 U.S. at pp. 249-250 [70 L.Ed.2d at pp. 431-432].)[4] The high court recognized that there is "ordinarily a strong presumption in favor of the plaintiff's choice of forum" (*id.* at p. 255 [70 L.Ed.2d at p. 435]), but held that a foreign plaintiff's choice deserves less deference than the choice of a resident.

The high court discussed in some detail the significance to be accorded to the fact that the law of the forum state is more favorable to the plaintiff than that of the alternate jurisdiction. In this connection, it observed that the laws of the United States in product liability actions favor plaintiffs in several respects: the law of strict liability, which exists in almost all 50 states but only a handful of foreign countries; the existence of jury trials in such actions, resulting in sometimes generous awards, contingent attorney fee arrangements, and more liberal rules of discovery. It held that if substantial weight is given to the circumstance that the law in the forum state is more favorable to the plaintiff than the one in the alternate jurisdiction, "The American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive. The flow of litigation into the United States would increase and further congest already crowded courts. [Fn. omitted.]" (*Piper, supra*, 454 U.S. at p. 252 [70 L.Ed.2d at p. 433].) ▮ Thus, the possibility of an unfavorable change in the law is a "relevant consideration" only if the remedy in the alternative forum "is so clearly inadequate or unsatisfactory that it is no remedy at all . . . ." (*Id.* at p. 254 [70 L.Ed.2d at p. 435].)[5]

---

[4]An undue emphasis on a single factor is especially threatening to a balanced analysis because some of the matters to be weighed will by their nature point to a grant or denial of the motion. For example, the jurisdiction's interest in deterring future wrongful conduct of the defendant will usually favor retention of the action if the defendant is a resident of the forum, whereas the court congestion factor will usually weigh in favor of trial in the alternate jurisdiction.

[5]It is not entirely clear from the language of *Piper* whether an unfavorable change of law should be given no consideration whatsoever in the forum non conveniens balance or only slight consideration. The high court states in various parts of its opinion that this factor should not be given "substantial weight" (e.g., *Piper, supra*, 454 U.S. at pp. 247, 250 [70 L.Ed.2d at pp. 430, 432]), but in another passage it states that an unfavorable change in the law might in some circumstances be a "relevant consideration." (*Id.* at p. 254 [70 L.Ed.2d at p. 435].) The first of these references indicates that a slight amount of weight may be accorded to an

After analyzing the interests of the parties and of Scotland in the litigation, the court concluded that "the incremental deterrence that would be gained if this trial were held in an American court is likely to be insignificant. The American interest in this accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." (*Piper, supra,* 454 U.S. at pp. 260-261 [70 L.Ed.2d at pp. 438-439].)[6]

In the present case, the trial court found that Sweden and Norway were adequate alternative forums. Defendants produced evidence that Norway and Sweden might permit recovery under a strict liability theory, that Norway might allow special damages (but not punitive damages) in some circumstances, and that the actions could be pursued in those countries without undue delay. Although some of this evidence was contradicted by plaintiffs, the trial court's determination of these issues is supported by substantial evidence, and we defer to its conclusion. Thus, the fact that California law would likely provide plaintiffs with certain advantages of procedural or substantive law cannot be considered as a factor in plaintiffs' favor in the forum non conveniens balance.

Next we consider the effect of the residence of the parties in deciding a motion based on forum non conveniens. Many cases hold that the plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant. (E.g., *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]; *Price, supra,* 42 Cal.2d 577, 585; *Brown* v. *Clorox Co.* (1976) 56 Cal.App.3d 306, 311 [128 Cal.Rptr. 385].) But the reasons advanced for this frequently reiterated rule apply only to residents of the forum state: (1) if the plaintiff is a resident of the jurisdiction in which the suit is filed, the plaintiff's choice of forum is presumed to be convenient (*Piper, supra,* 454 U.S. at pp. 255-256 [70 L.Ed.2d at pp. 435-436]; *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 744-745 [59 Cal.Rptr. 101, 427 P.2d 765]); and (2) a state has a strong

---

unfavorable change in the law, whereas the second implies the contrary. In our view, the fact that an alternative jurisdiction's law is less favorable to a litigant than the law of the forum should not be accorded any weight in deciding a motion for forum non conveniens provided, however, that some remedy is afforded. (See, e.g., *Lockman Found.* v. *Evangelical Alliance Mission* (9th Cir. 1991) 930 F.2d 764, 768-769, and cases cited.) One basis underlying the doctrine, as *Piper* and other cases hold, is to avoid burdening the trial court by requiring it to interpret the law of foreign jurisdictions, which compels it to conduct "complex exercises in comparative law." (*Piper, supra,* at p. 251 [70 L.Ed.2d at p. 433]; see also, e.g., *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. at p. 509 [91 L.Ed. at pp. 1062-1063].) To impose such a burden on the trial court for the purpose of facilitating its consideration of a factor of only slight significance in the forum non conveniens balance would, we believe, be unwarranted.

[6]The court noted that the law of California relating to forum non conveniens is "virtually identical" to federal law. (*Piper, supra,* 454 U.S. at p. 248, fn. 13 [70 L.Ed.2d at p. 431].)

interest in assuring its own residents an adequate forum for the redress of grievances (*Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 859 [126 Cal.Rptr. 811, 544 P.2d 947]). Indeed, until the recent amendment of section 410.30, dismissal of an action (as opposed to a stay) was ordinarily not permitted on the basis of inconvenient forum if the plaintiff was a California resident. (15 Cal.3d at p. 859; *Thomson* v. *Continental Ins. Co.*, *supra*, 66 Cal.2d at p. 742; *Goodwine* v. *Superior Court*, *supra*, 63 Cal.2d at p. 485.) Where, however, the plaintiff resides in a foreign country, *Piper* holds that the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state where the action is filed. (*Piper*, *supra*, 454 U.S. at p. 256 [70 L.Ed.2d at p. 436].) ■ At best, therefore, under the rule laid down in *Piper*, the fact that plaintiffs chose to file their complaint in California is not a substantial factor in favor of retaining jurisdiction here.[7]

■ Defendant's residence is also a factor to be considered in the balance of convenience. If a corporation is the defendant, the state of its incorporation and the place where its principal place of business is located is presumptively a convenient forum. (Judicial Council Com., *supra*, p. 493.) As noted above, Shiley is a California corporation with its principal place of business in this state.

The Court of Appeal held that in view of a 1986 amendment to section 410.30, a defendant's choice to incorporate or do business in California is no longer a significant factor in the balancing process. The amendment,

[7]It is difficult to justify giving preferential status to a plaintiff's choice of forum if the plaintiff is not a resident. Since the preference is based on factors which apply only to residents, it would appear that the underlying justification for the preference does not apply to nonresidents. However, defendants do not make this argument, and this view is admittedly contrary to *Piper*, which states that there is ordinarily a strong presumption in favor of the plaintiff's choice of forum (*Piper*, *supra*, 454 U.S. at p. 255 [70 L.Ed.2d at p. 435]), and the cases decided both before and after it. (*Gulf Oil Corp.* v. *Gilbert*, *supra*, 330 U.S. at p. 508 [91 L.Ed.2d at p. 1062]; *Lony* v. *E. I. Du Pont de Nemours & Co.* (3d Cir. 1991) 935 F.2d 604, 609; *Lacey* v. *Cessna Aircraft Co.*, *supra*, 932 F.2d 170, 178-179 [*some* deference owed to forum choice of foreign national]; *Price*, *supra*, 42 Cal.2d at p. 585; *Dendy* v. *MGM Grand Hotels, Inc.* (1982) 137 Cal.App.3d 457, 460 [187 Cal.Rptr. 95]; *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 110 [90 Cal.Rptr. 461].)

One writer has suggested that a preference for the plaintiffs' choice may be based on the circumstance that, in declining to exercise jurisdiction where the Legislature has authorized a court to hear a case, a court is overriding the Legislature's will, and should do so only with caution. (Note, *Considerations of Choice of Law in the Doctrine of Forum Non Conveniens*, *supra*, 74 Cal.L.Rev. at p. 583.) But such a rationale is not persuasive where, as here, the Legislature has authorized a court to decline the exercise of jurisdiction "in the interest of substantial justice." (§ 410.30.)

*Holmes*, *supra*, 156 Cal.App.3d 372, holds that substantial deference is accorded even a foreign plaintiff's choice of forum. We disapprove of this ruling, which is contrary to not only *Piper* but to *Corrigan* (*supra*, 182 Cal.App.3d 166) as well.

effective until January 1, 1992, unless extended by the Legislature, provides that the "domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

We doubt the correctness of the Court of Appeal's analysis. ▇ We agree with the statements in a number of cases which have examined the issue (see, e.g., *Northrop Corp. v. American Motorists Ins. Co.* (1990) 220 Cal.App.3d 1553, 1562 [270 Cal.Rptr. 233]; *Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps, Rothenberg & Tunney, supra,* 202 Cal.App.3d at p. 1434; *Klein v. Superior Court* (1988) 198 Cal.App.3d 894, 901 [244 Cal.Rptr. 226]),[8] that the purpose of the amendment was to overcome the holding of *Archibald v. Cinerama Hotels, supra,* 15 Cal.3d 853, and other cases cited above that a trial court was powerless to dismiss an action on the ground of forum non conveniens if the *plaintiff* was a California resident. Thus, the presumption of convenience to a defendant which follows from its residence in California remains in effect despite the amendment of section 410.30.

But, as *Piper, supra,* 454 U.S. 235, and other authorities make clear, this presumption is not conclusive.[9] Even though evidence relating to the design, manufacture, and testing of the airplane involved in *Piper* was located in the United States, the plaintiffs were relegated to the Scottish courts to vindicate their claims. A resident defendant may overcome the presumption of convenience by evidence that the alternate jurisdiction is a more convenient place for trial of the action.[10]

On this issue, the parties disagree sharply. The Court of Appeal held that because virtually all witnesses and documents relating to the decedents' medical care and treatment, medical histories, loss of earnings, and all the

[8]The Court of Appeal cites *Credit Lyonnais Bank* in support of its holding. The opinion in that case declares the amendment was intended to require that considerations of justice and convenience should govern rulings on forum non conveniens motions and " 'not solely . . . the residence of one of the parties.' " (202 Cal.App.3d at p. 1434.) But only the residence of the plaintiff was a determinative factor before the amendment; this statement must therefore refer to the effect of a plaintiff's residence in deciding a forum non conveniens motion rather than that of a defendant.

[9]Among the numerous cases granting stays or dismissals for forum non conveniens even though the defendant corporation was a resident of the state in which the action was brought or maintained its principal place of business there, are *Watson v. Merrell Dow Pharmaceuticals, Inc.* (6th Cir. 1985) 769 F.2d 354; *Dowling v. Richardson-Merrell, Inc.* (6th Cir. 1984) 727 F.2d 608; *Harrison v. Wyeth Laboratories, etc.* (E.D.Pa. 1980) 510 F.Supp. 1; and *Jones v. Searle Laboratories* (1982) 93 Ill.2d 366 [444 N.E.2d 157].

[10]The effect to be given a corporate defendant's residence in the forum has two aspects: The first, discussed above, relates to the convenience of the parties. The second, examined later herein, implicates public policy considerations, such as California's interest in deciding actions against resident corporations whose conduct in this state causes injury to persons in other jurisdictions.

witnesses to the familial impacts of their deaths are located in Scandinavia, it is more convenient to try the actions there. Defendants point out in addition that, although the alleged fraudulent representations emanated from California, they were received and relied on in Scandinavia, and the Scandinavian doctors have knowledge of decedents' preexisting medical conditions, the factors relevant to a risk-benefit analysis, and the handling of the heart valves prior to implantation.

Plaintiffs counter that evidence relating to defendants' allegedly culpable conduct, such as the design, manufacture, testing and packing of the valves, is in California; that warnings and advice to doctors using the valve were issued from this state; and that investigations of the reasons for the valve failure were conducted here. Plaintiffs represented that the Scandinavian witnesses to damages and decedents' medical care have agreed that they will be available to testify in California. In addition, they assert, there are more than one million pages of documents in California that are relevant to the issue of the valve failures, and it would be extremely time consuming and costly to translate even a fraction of these into Swedish and Norwegian. Hundreds of witnesses from California and perhaps other states will be called, some of whom would not be available for trial in Scandinavia.

Defendants produced evidence that Swedish and Norwegian courts routinely receive documents into evidence that are written in English, without requiring translation. Among the conditions imposed by the trial court with which defendants agreed to comply were to make available in Norway and Sweden past and present employees of defendants and documents in their possession, as required by the Scandinavian courts.[11] They also agreed to defray the expenses for the production of these witnesses and documents.

Before deciding whether the private convenience of the parties weighs in favor of plaintiffs or defendants, we consider the interests of the California public in retaining the trial of the actions in this state. *Piper* held that the jurisdiction with the greater interest should bear the burden of entertaining the litigation. (*Piper, supra,* 454 U.S. at pp. 260-261 [70 L.Ed.2d at pp. 438-439].)

The Court of Appeal considered four factors in holding that the public interest favored the granting of the motions: (1) California's interest in

---

[11]Plaintiffs assert that the stipulation that defendants will make past and present employees available to testify in Scandinavia "if so ordered within the discretion of Swedish or Norwegian courts" does not remedy the problem because the courts in those countries have no jurisdiction to order the appearance of foreign witnesses. If the wording of this stipulation will not accomplish what was obviously its intent (to assure that defendants will attempt to the best of their ability to make employee witnesses available to testify in Scandinavian courts), plaintiffs may return to the trial court for a modification of the stipulation to accomplish that objective.

avoiding undue congestion of its courts due to the trial of foreign causes of action; (2) this state's deterrent and regulatory interests in products manufactured here; (3) appropriate deference to the laws and policy decisions of foreign governments; and (4) the competitive disadvantage to California business if resident corporations were required to defend lawsuits here based on injuries incurred in other jurisdictions.

As to the first of these matters, the court concluded trial in California would unduly burden the court. It noted that foreign plaintiffs have filed 108 actions in California against Shiley relating to the heart valves, and that, according to plaintiffs, about one million pages of documents are relevant to their actions, and that the testimony of hundreds of witnesses might be required. Defendants state that the number of cases filed against Shiley involving the heart valves had increased to 235 by the time the briefs were filed. ■■■ The court observed correctly that preventing court congestion resulting from the trial of foreign causes of action is an important factor in the forum non conveniens analysis. (Citing *Gulf Oil Corp.* v. *Gilbert, supra,* 330 U.S. at pp. 508-509 [91 L.Ed. at pp. 1062-1063]; *Price, supra,* 42 Cal.2d at pp. 583-584.)

Plaintiffs rely on authorities stating generally that if a case is "properly" before the court (*Hemmelgarn* v. *Boeing Co.* (1980) 106 Cal.App.3d 576, 586 [165 Cal.Rptr. 190]) or if the action is "legitimately and correctly brought before it" (*Lake* v. *Richardson-Merrell, Inc.* (N.D.Ohio 1982) 538 F.Supp. 262, 275), a court will retain the case even in the face of a congested calendar. We have no argument with these propositions, and we agree with plaintiffs that dismissals or stays for forum non conveniens should not be used primarily to control a court's docket. Nevertheless, there can be no question that the already congested courts of this state would be burdened by the trial of the numerous and complex actions relating to the heart valve brought by plaintiffs who reside in foreign countries. Whether this would constitute an "undue burden," however, is another question. In order to determine that issue, we must consider other factors as well.

The appellate court next considered whether California's interest in deterring wrongful conduct justified retention of the actions. As we have already noted, in *Piper,* the high court, after observing that Scotland had the stronger interest in the litigation because the decedents who died in the airplane crash were Scottish, and all potential defendants except those before the American court were Scottish or English, held that the "incremental deterrence that would be gained if this trial were held in an American court is likely to be insignificant. The American interest in this accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." (*Piper, supra,*

454 U.S. at pp. 260-261 [70 L.Ed.2d at pp. 438-439].) The Court of Appeal adopted this "incremental deterrence" reasoning and concluded that California's interest in deterring wrongful conduct did not outweigh the other factors pointing to trial in Scandinavia.

Plaintiffs argue vigorously against this conclusion. They cite cases stating that California has a strong interest in regulating the conduct of manufacturers that produce products in this state which cause injury to persons in other jurisdictions. (*Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 583-584 [114 Cal.Rptr. 106, 522 P.2d 666]; *Clothesrigger, Inc.* v. *GTE Corp.* (1987) 191 Cal.App.3d 605, 615 [236 Cal.Rptr. 605] ; *Hemmelgarn* v. *Boeing Co.*, *supra*, 106 Cal.App.3d at p. 586; see *Van Cauwenberghe* v. *Biard* (1988) 486 U.S. 517, 528 [100 L.Ed.2d 517, 528-529, 108 S.Ct. 1945].)[12] This interest, as the cited cases make clear, is to deter negligent conduct; the likelihood of a substantial recovery against such a manufacturer strengthens the deterrent effect.

We are persuaded that under the facts in the present case, the additional deterrence that would result if defendants were called to account for their allegedly wrongful conduct in a California court rather than in the courts of Scandinavia would be negligible. As we observe above, there are 235 lawsuits pending in California relating to the heart valve. According to defendants, some of these have been filed on behalf of persons with functioning valves who seek damages for the anxiety engendered by the apprehension that the valves may fail. At least 108 of these suits were filed by foreign residents, according to the Court of Appeal. Many valves were implanted in California, and it is safe to assume that the plaintiffs in some of the 235 actions are California residents.[13] The burden imposed on defendants in trying these cases by California residents in the California courts, and the damages that defendants might be required to pay if they are found liable, would provide sufficient deterrence to prevent wrongful conduct in the future even if the suits filed by nonresident plaintiffs were tried elsewhere.

---

[12]Plaintiffs place particular reliance on *Van Cauwenberghe*, claiming that it "clarified" *Piper* by requiring that in deciding a motion for forum non conveniens, a court must inquire into the merits of the underlying dispute and the relevance to the dispute of the evidence for and against forum dismissal, ,as well as the locus of the alleged culpable conduct and the connection of that conduct with the plaintiff's chosen forum. The language relied on by plaintiffs is dictum, since the case involved a procedural issue, i.e., whether an order denying a forum non conveniens motion is immediately appealable under federal law. Moreover, we agree with the Court of Appeal's observation that the high court was merely commenting that the merits of an action are to some extent relevant to a determination of the motion. Finally, we do not disagree that the locus of the alleged culpable conduct is a consideration in the forum non conveniens analysis.

[13]At oral argument, it was undisputed that 30 California plaintiffs have brought suit on the same and related claims in the courts of this state.

The Court of Appeal found that there were two additional factors that weighed in favor of granting the motions. One is the competitive disadvantage to California business that would result if California manufacturers were called on to defend lawsuits involving extraterritorial injuries. A few decisions have relied on similar reasoning in granting motions for forum non conveniens. (*Fraizer* v. *St. Jude Medical, Inc.* (D.Minn. 1985) 609 F.Supp. 1129, 1131-1132; *Kaiser Foundation Health Plan* v. *Rose* (D.C. 1990) 583 A.2d 156, 159; see *Howe* v. *Diversified Builders, Inc.* (1968) 262 Cal.App.2d 741, 746 [69 Cal.Rptr. 56].)

The other factor relates to the interests and policy concerns of Sweden and Norway in the litigation, such as their interest in assuring that new medical devices be made available promptly and inexpensively, policies that might be threatened by applying American regulation of medical products and liability laws to actions brought by foreign citizens. A number of cases consider these matters in determining whether the forum where the action is brought or the alternative forum has a greater interest in the action. (E.g., *Jennings* v. *Boeing Co.* (E.D.Pa. 1987) 660 F.Supp. 796, 808; *In re Union Carbide Corp. Gas Plant Disaster* (S.D.N.Y. 1986) 634 F.Supp. 842, 864-865, affd. (2d Cir. 1987) 809 F.2d 195; *Fraizer* v. *St. Jude Medical, Inc., supra,* 609 F.Supp. at pp. 1131-1132; *Abiaad* v. *General Motors Corp.* (E.D.Pa. 1982) 538 F.Supp. 537, 543, affd. per curiam (2d Cir. 1982) 696 F.2d 980; *Harrison* v. *Wyeth Laboratories, etc., supra,* 510 F.Supp. at p. 4; *Jones* v. *Searle Laboratories, supra,* 444 N.E.2d at p. 161.)

The Court of Appeal mentions the foregoing two factors only in passing, and we may assume that they do not represent a significant basis for the court's decision. A detailed discussion of their effect on the balance of conveniences is unnecessary since, as we shall conclude, the court was justified in upholding the judgment on the basis of the other public and private interest factors which it considered.

Plaintiffs place great reliance on an additional factor, which they complain the Court of Appeal failed to consider, i.e., the relationship of defendants to California. We hold above that a presumption of convenience to defendants arises from the fact that Shiley is incorporated in California and has its principal place of business here. Another aspect of defendants' connection with this state is that alleged wrongful conduct was committed here, and there is a close connection between such conduct and plaintiffs' causes of action. ██ We agree with plaintiffs that defendants' cumulative connection with California is an appropriate matter for consideration in deciding a forum non conveniens motion.

The significance of such a connection is that, as *Corrigan* implies, it is not unfair to a defendant to hold the trial in a state where a substantial part of the

wrongful conduct was committed. (182 Cal.App.3d at pp. 180-181.) However, *Corrigan* and other authorities cited by defendants also appear to hold that a court is not unfairly burdened by the trial of an action in California if a corporate defendant has its principal place of business here and the tort was allegedly committed in this state. (*Id.* at pp. 181-182; *Holmes, supra,* 156 Cal.App.3d at pp. 388-389; *Brown* v. *Clorox Co., supra,* 56 Cal.App.3d 306, 313-314; see *Hemmelgarn* v. *Boeing Co., supra,* 106 Cal.App.3d at p. 580.) We reject this analysis, for it would require that the court congestion factor always be decided in favor of the plaintiff and against a California corporation which caused injury to consumers anywhere in the world, if the product was manufactured here.[14] While the cumulative connection of the defendant and its conduct within the state is relevant in deciding whether retention of an action would place an undue burden on the courts, we cannot look only to such circumstances; matters like the complexity of the case, whether it would consume considerable court time, and the condition of the court's docket are also relevant to the issue.

We come, then, to an assessment of the factors discussed above. We are confronted with the somewhat anomalous situation that the parties seek to try the action in a jurisdiction which would appear to violate their interest in a convenient place for trial. Both plaintiffs and defendants are willing—indeed, eager—to litigate the matter in a jurisdiction separated by an ocean and a continent from their places of residence. Although both claim that they are motivated by the convenience of the place of trial, this court, like others before it, recognizes that an additional motivating factor—and perhaps the major one—relates to the circumstance that trial in California will enhance the possibility of substantial recovery. Plaintiffs seek and defendants resist trial in the California courts substantially for this reason. In the service of this goal, they are willing to transport numerous witnesses and documents many thousand miles.

Amici curiae, the California Chamber of Commerce and the California Manufacturers Association, suggest that the private convenience of the parties should be afforded less weight than the public interest in deciding issues of forum non conveniens when the plaintiff is the resident of a foreign country. They point out that with modern transportation and transmission methods, witnesses can attend trials relatively easily in distant places and documents may be transferred almost instantaneously, and that conditions imposed by courts can mitigate inconvenience to the parties to a substantial degree. (See Stein, *Forum Non Conveniens* (1985) 133 U. Pa. L. Rev. 781,

[14]*Brown* goes so far as to hold that California must provide a forum if products manufactured here by a resident corporation with its principal place of business here cause injury in another state. *Hemmelgarn* contains similar language.

784, fn. 12; Note, *Forum Non Conveniens* (1985) 64 Tex. L. Rev. 193, 216.) Here, for example, the trial court conditioned the granting of a stay on defendants' agreement to make documents in their possession and witnesses available in Scandinavia, at their expense.

The suggestion of amici curiae has a certain appeal. Perhaps in the light of vastly improved transportation and transmission methods (*Fitzgerald* v. *Texaco, Inc.* (2d Cir. 1975) 521 F.2d 448, 455, 456 (dis. opn. by Oakes, J.) and the conditions the trial court may impose to mitigate inconvenience, we should be less concerned with the convenience of the parties or with harassment of defendants by the filing of lawsuits in a forum inconvenient for them (e.g., *Price, supra,* 42 Cal.2d at p. 585; *Bechtel Corp.* v. *Industrial Indem. Co.* (1978) 86 Cal.App.3d 45, 50 [150 Cal.Rptr. 29]) than with forum shopping by plaintiffs and reverse forum shopping by defendants, seeking to take advantage of, or to resist the advantage of, laws favorable to the plaintiff in the jurisdiction the suit is filed. (Note, *Forum Non Conveniens, supra,* 64 Tex. L. Rev. at pp. 215-216.)

In any event, even without adopting the suggestion of amici curiae, there was clearly substantial evidence to sustain the trial court's determination that the balance of private and public interests favors defendants under traditional rules laid down in prior cases. It is true that much, but not all, of the evidence concerning liability exists in California;[15] but virtually all the evidence relating to damages is in Scandinavia. Since defendants have promised to supply documents in their possession if required by the Scandinavian courts, the fact that a large number of documents will be involved appears not to pose a significant inconvenience to plaintiffs. The Court of Appeal concluded that these documents could be admitted into evidence without translation, and although there was conflicting evidence on this score, its conclusion was supported by the record.

It is probable that both parties will suffer some disadvantage from trial in their home forums. For example, former employees of defendants may be beyond the jurisdiction of the Scandinavian courts and defendants may be unable to make good their promise to produce them for trial in Scandinavia. Conversely, defendants have no means by which to ensure that Scandinavian

---

[15]Plaintiffs insist that defendants have conceded there is no evidence that conduct outside California contributed to the valve failures and that the fact the surgical implantation occurred there is not relevant to their potential defenses. But the portions of the voluminous record which plaintiffs cite for these propositions reveal that plaintiffs asked for admissions in these respects, and that defendants did not make such admissions. Moreover, defendants in their briefs assert that some of the evidence relating to liability is in Scandinavia, such as statements by the physicians to their patients about the risks and benefits of the implantation procedure, and the receipt there of warnings and allegedly fraudulent representations regarding the valves.

medical witnesses and others whose testimony might be important will attend the trial in California. But these problems are implicit in many cases in which forum non conveniens motions are made, and it is for the trial court to decide which party will be more inconvenienced.

The public interest factors clearly favor defendants' position. If we hold that the present cases may be tried in California, it will likely mean that the remaining 108 cases involving the Shiley valve will also be tried here. The burden on the California courts of trying these numerous complex actions is considerable. Moreover, California's interest in deterring future improper conduct by defendants would be amply vindicated if the actions filed by California resident plaintiffs resulted in judgments in their favor. Under all the circumstances, we hold that the Court of Appeal was correct in concluding that there was substantial evidence to support the trial court's determination that the private and public interest factors, on balance, justified the stays granted in these actions.

Finally, we consider *Corrigan*, *supra*, 182 Cal.App.3d 166, and *Holmes*, *supra*, 156 Cal.App.3d 372, the two decisions the Court of Appeal declined to follow. *Holmes* involved a suit filed in California by British plaintiffs who alleged that they were injured as a result of ingesting an oral contraceptive produced by an American manufacturer whose principal place of business was California. The court first held that California law, unlike federal law, affords substantial deference to a foreign plaintiff's choice of forum. We have concluded above to the contrary, and, indeed, plaintiffs in these actions do not claim that the same amount of deference is due to foreign and resident plaintiffs.[16]

A second ground of the *Holmes* decision was that "California attaches far greater significance to the possibility of an unfavorable change in applicable law" in the alternative forum than the federal courts. (156 Cal.App.3d at p. 381.) The decision concluded that a factor of "fundamental importance" in favor of denial of the motion for forum non conveniens was

---

[16]Plaintiffs cite two cases for the proposition that substantial limitations on the remedy may be considered in deciding a motion for forum non conveniens. One held that an action for indemnity should be retained in California because, inter alia, plaintiffs might be deprived of that remedy if their action were tried in Kansas. (*International Harvester Co. v. Superior Court* (1979) 95 Cal.App.3d 652, 660 [157 Cal.Rptr. 324].) The other upheld a trial court order staying an action to collect double damages afforded by a California statute, on the ground that Texas would apply California law and allow recovery under the statute. (*Chavarria v. Superior Court* (1974) 40 Cal.App.3d 1073, 1076 [115 Cal.Rptr. 549].) In *International Harvester*, if the case had not been retained, the plaintiff might have been denied the remedy on which its complaint was based. *Chavarria* is more problematic. But the opinion focussed on the issue whether California or Texas law would be applied if the case were tried in Texas, not on the principle for which plaintiffs offer the case.

that the plaintiffs would be substantially disadvantaged if the case were tried in Britain because that country did not afford recovery on the basis of strict liability. We disapprove of this holding. As *Piper, supra,* 454 U.S. 235, points out, if substantial weight is given to the fact that the law in the forum state is more favorable to a plaintiff than in the foreign jurisdiction, the balance will ordinarily favor denial of the motion, and substantial weight should be given to this factor only if the alternative forum provides no remedy at all.

*Corrigan* also was a wrongful death action involving the alleged failure of a heart valve manufactured by Shiley. The valve was implanted in Australia, and the Australian plaintiffs filed suit in California for strict liability, among other causes of action. Defendant moved to dismiss on the ground of forum non conveniens. The Court of Appeal reversed a trial court order staying the action. It declined to follow *Holmes* (*supra,* 156 Cal.App.3d 372) insofar as that decision accorded a critical role to the circumstance that the law of the alternative jurisdiction did not provide for strict liability. (182 Cal.App.3d 166, 178.) However, the *Corrigan* court held that the fact the plaintiffs would be disadvantaged by the absence of this precise remedy in Australia was entitled to some weight. We have concluded above that this factor may not be considered in the forum non conveniens balance. To the extent *Corrigan* holds to the contrary, it is disapproved.

## CONCLUSION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.