[No. B079773. Second Dist., Div. Seven. Jan. 11, 1995.]

FRANK RINAURO et al., Plaintiffs and Appellants, v.
HONDA MOTOR CO., LTD., et al., Defendants and Respondents.

**COUNSEL**

Klein, Wegis, DeNatale, Goldner & Muir, Ralph B. Wegis and Denise Martin for Plaintiffs and Appellants.

Bowman and Brooke, Carol S. Ravesies and Alexander G. Calfo for Defendants and Respondents

**OPINION**

**WOODS (Fred), J.**—Applying *Stangvik* v. *Shiley Inc.* (1991) 54 Cal.3d 744 [1 Cal.Rptr.2d 556, 819 P.2d 14], the trial court dismissed the instant action on forum non conveniens grounds. We find no abuse of discretion and affirm the judgment of dismissal.

### BACKGROUND

Appellants (Frank Rinauro and his wife Jean) filed a tort complaint (negligence, strict liability, failure to warn, and loss of consortium) in a California court against two Japanese corporations (Honda Motor Co., Ltd. and Honda R & D Co., Ltd.) and two of their wholly owned subsidiaries, California corporations (American Honda Motor Co., Inc. and Honda R & D North America, Inc.). Defendants-respondents answered and thereafter

moved to dismiss on the ground of forum non conveniens. (Code Civ. Proc., § 410.30.)[1]

After considering the moving papers (including seven prospective witnesses' declarations) and oral argument the trial court granted the motion.

The lawsuit is based on an allegedly defective Honda Fourtrax 250, a four-wheel all-terrain vehicle, which tipped over while appellant (Frank Rinauro) was riding it and injured him.

Appellants reside in Nevada, bought the vehicle (used) in Nevada, and the accident occurred in Nevada.

## DISCUSSION

█ "Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik* v. *Shiley Inc.*, *supra*, 54 Cal.3d 744, 751.)

█ "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial." (54 Cal.3d at p. 751.)   █   Substantial evidence supports the trial court's implied finding that Nevada was a "suitable" alternate forum. As appellants concede, on August 17, 1993, when the trial court granted the dismissal motion, appellants had over two months in which to file their action in Nevada, the state where they resided, where the accident occurred, and where many if not most of the witnesses resided.

█ "If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in

---

[1]The section reads: "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just.

"(b) The provisions of Section 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance."

which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]

■ "On a motion for forum non conveniens, the defendant, as the moving party, bears the burden of proof. The granting or denial of such a motion is within the trial court's discretion, and substantial deference is accorded its determination in this regard." (54 Cal.3d at p. 751.)

■ No one factor should determine the outcome of a forum non conveniens motion. (54 Cal.3d at p. 753.) The trial court should carefully balance all relevant factors "and it is for the trial court to decide which party will be more inconvenienced." (*Id.* at p. 763.)

■ We find the following factors constitute substantial evidence and support the trial court's determination:

1. Appellants were residents of Nevada.

2. The vehicle was purchased in Nevada from a Nevada resident.

3. The accident occurred in Nevada.

4. Many witnesses reside in Nevada and declare they would be "extremely inconvenienced" by a California trial.

5. Other witnesses reside in Idaho and declare they would be "extremely inconvenienced" by a California trial.

6. The California corporation defendants did not manufacture or design the subject vehicle.

7. The lawsuit would be a burden on California courts, taxpayers, and jurors.[2]

Under *Stangvik* v. *Shiley Inc., supra*, 54 Cal.3d 744, the trial court properly exercised its discretion in ruling that Nevada, not California, was the more convenient forum.

---

[2]Respondents estimate a four-week trial and state a similar lawsuit against them tried by appellants' counsel lasted two months. Appellants' counsel states it took "only" six weeks.

## DISPOSITION

Costs on appeal are awarded to respondents. The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.