Filed 1/21/14  Nader & Sons v. Hazan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NADER & SONS, LLC, et al., | |
| Plaintiffs and Appellants, | G048276 |
| v. | (Super. Ct. No. 30-2012-00546130) |
| JACK HAZAN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Thierry Patrick Colaw, Judge.  Affirmed.

Hill, Farrer & Burrill and Neil D. Martin for Plaintiffs and Appellants.

Kerendian & Associates, Shab D. Kerendian and Tom N. Tran for Defendants and Respondents.

\*         \*         \*

Although the factual background is somewhat complex, this case is actually quite simple. Two limited liability companies entered into an agreement to develop property, and the key players in each company personally guaranteed the agreement. One of the companies then assigned its interest, despite an anti-assignment clause in the agreement, to two different entities. After demanding and failing to receive money they claimed was due under the agreement, those companies then sued the principals of the other company, in California, for breach of the guaranty. All of the plaintiffs and defendants, both individuals and entities, are New York residents, and all of the other companies involved, with one exception, are also based in New York. There is apparently litigation pending in New York, the designated choice of forum in the agreement, over the propriety of the assignment and torts that arose from this series of transactions. Defendants therefore moved to stay or dismiss the California case for breach of guaranty, and the trial court stayed the case. We conclude that based on the apparently ongoing litigation in New York, such a stay was proper, and we therefore affirm.

I

FACTS

241 Fifth Ave Hotel, LLC (241 Fifth) is a limited liability company which owned the property at 241 Fifth Avenue in New York City (the property). The only members of 241 Fifth are Beshmada LLC, a California limited liability company, and Hazak Associates LLC (Hazak), a New York limited liability company. Hazak's principals were defendants Jack Hazan and Dan Shavolian, both New York residents, and Beshmada's managing member was Ezri Namvar.

Beshmada and Hazak entered into the limited liability company agreement on March 20, 2007. The purpose of the agreement was to operate the property as an investment. The governing law was Delaware and 241 Fifth's principal place of business

2

was New York City. Under a choice of venue clause, the proper jurisdiction for any legal action was New York. The agreement also included a non-assignment clause, stating that no party could transfer its interest, except as explicitly stated in the agreement, without the consent of the other members, and any such transfer was void.[1] No other members were to be admitted to the company and no additional interests were to be issued without the approval of Beshmada and Hazak.

When 241 Fifth was formed, Beshmada provided 80 percent of the capital and Hazak provided 20 percent. The 241 Fifth agreement included a clause entitled "True-Up Provision." It stated that 48 months after the closing date, Hazak was to contribute additional funds so that its capital contribution would be the same as Beshmada's. That contribution was to be distributed to Beshmada immediately upon receipt. It was later alleged the amount of the true-up payment exceeded $3 million. Under the true-up provision, if payment was not timely made, Beshmada was entitled to elect one of two choices: either the ownership interests of Beshmada and Hazak were to be changed from equal to reflect the amount of their capital contributions, or Hazak was to make the true-up payment directly to Beshmada rather than 241 Fifth.

In the event of a failure to make the required contribution, the agreement stated that "any non-defaulting Member" shall provide 30 days notice to cure and then provide notice of its elected remedy.

To ensure performance under the agreement, Hazan and Shavolian, for Hazak, and Namvar, for Beshmada, agreed to personally guarantee certain obligations of their respective entites. Only the guaranty signed by Hazan and Shavolian is relevant here, and they executed the guaranty for Beshmada's benefit on July 19, 2007. The guaranty referenced the 241 Fifth agreement, and stated: "Guarantor unconditionally

---

[1] Additionally, the property was secured by a mortgage that prohibited assignment without the lender's consent.

3

guarantees and promises (i) to pay to [Beshmada] . . . on demand after the default by [Hazak] in the performance of its obligations under the [241 Fifth agreement] . . . any and all Obligations . . . consisting of payments due to [Beshmada]. . . . For purposes of this Guaranty, the term "Obligations" shall mean and include all payments, liabilities and obligations, however arising, owned by [Hazak] to [Beshmada] arising out of or in connection with the [241 Fifth agreement] . . . ." The guaranty also stated that it was "in no way conditioned on or contingent upon any attempt to enforce in whole or in part any of [Hazak's] Obligations to [Beshmada] . . . ." For reasons not apparent, the guaranty designated California for both venue and choice of law.

Plaintiffs Nader & Sons, LLC (Nader) and Sisko Enterprises, LLC (Sisko) (collectively plaintiffs) both New York limited liability companies, entered the picture in 2008 According to their operative complaint, they became, by virtue of a written assignment and a filed UCC-1 financing statement, the holder of Beshmada's rights in 241 Fifth, and therefore entitled to receive payments under the true-up provision. The assignment was "later re-affirmed and expanded in a Settlement Agreement . . . ."

According to defendants, Beshmada purported to assign its rights to plaintiffs without consent after Shavolian repeatedly requested the contribution of additional capital from Beshmada under the terms of the 241 Fifth agreement. At some point thereafter, Beshmada apparently filed for bankruptcy protection in the Central District of California.

Defendants argue the purported assignment interfered with Hazak's ability to obtain financing or develop the property. The property was foreclosed upon in June 2011.

In October 2011, plaintiffs gave notice to Hazak to make the required compensatory payment under the true-up provision to them directly. Hazak did not make such a payment.

4

Also in October 2011, Hazak filed a lawsuit in New York against Nader and Sisko. The complaint requested declaratory relief regarding the validity of the assignment and requested legal fees. On July 3, 2012, the New York trial court denied a motion to dismiss and granted partial summary judgment to Hazak, finding that Hazak was entitled to a declaratory judgment that the transfer by Beshmada of its membership interest in 241 Fifth was "unauthorized and therefore any purported assignment is null and void." According to plaintiffs, however, this ruling left open the question of whether "Beshmada could transfer to plaintiffs the small i 'interest' in the right to receive the [true-up] payment . . . ." Plaintiffs argue that was permissible because the 241 Fifth agreement permitted Beshmada to transfer a minority interest in itself.

In June 2012, Hazak and 241 Fifth filed another action lawsuit against Nader, Sisko, Beshmada and others in New York, alleging intentional interference with Hazak's rights as a member of 241 Fifth and interference with prospective economic advantage. Among many other things, the New York complaint alleged that Nader and Sisko made loans of $12.5 million to Namco Capital Group, Inc. (Namco), and also alleged that Beshmada was a subsidiary of Namco. It was further alleged that Beshmada, Nader and Sisko entered into an agreement in which Beshmada pledged its interest in 241 Fifth as a security for the loan, without the consent of Hazak. The New York complaint also asserted that Nader and Sisko knew that the pledge was in violation of the 241 Fifth agreement and would interfere with 241 Fifth's ability to operate. This case is still pending.

Plaintiffs filed the initial complaint in this action in February 2012. The current operative pleading is the second amendment complaint (complaint), which was filed in November 2012. The complaint against Hazan and Shavolian seeks to collect on the guaranty as Beshmada's assignee, and specifically seeks to collect pursuant to the true-up provision. The complaint acknowledges that defendants and Hazak have

5

commenced multiple lawsuits seeking to adjudicate Hazak's contention that any assignment of rights from Beshmada to plaintiff violated the 241 Fifth agreement.

On December 18, 2012, defendants filed the instant motion to stay or dismiss the case pursuant to Code of Civil Procedure section 410.30,[2] which codifies the doctrine of forum non conveniens. (Several other law and motion matters were also pending through this period, but they are not relevant here.) Defendants argued that whether they were actually in default had to be determined by the 241 Fifth agreement, not the guaranty, and pursuant to the agreement's choice of forum provision, that needed to be decided by a New York court before any ruling could be made on the guaranty. Further, even if the forum selection clause was deemed permissive rather than mandatory, the issue of whether Hazak defaulted should be decided in New York.

Plaintiffs opposed, arguing that section 410.40 controlled because the case was one involving over a million dollars, the relevant contract designated California as the proper venue, and the guaranty included an agreement by the parties to submit to jurisdiction in California. They did not argue the forum non conveniens issue raised by defendants, but simply asserted the doctrine could not be applied.

In reply, defendants argued the language of 410.40 stated that a person "may" maintain an action in California if certain parameters were met, but it did not state that forum non conveniens could never apply in such a case. They claimed that the guaranty itself was silent on when a default had occurred, and that issue must be decided under the 241 Fifth agreement by a New York court. Further, New York was the most reasonable forum given all of the facts.

Prior to hearing the motion, the court issued a tentative ruling stating it was inclined to stay the matter until a New York court had determined whether Hazak was in default under the 241 Fifth agreement. The court determined the 241 Fifth agreement's

---

[2] Subsequent statutory references are to the Code of Civil Procedure.

forum selection clause was mandatory. Further, the agreement was formed in New York, the events took place in New York, the property was in New York, and most of the parties and witnesses (with the exception of Beshmada) were in New York. Thus, New York was also the most reasonable and convenient forum.

The court heard argument and subsequently issued a minute order denying the motion to dismiss and granting the motion to stay the case. The order stated: "The matter is stayed pending resolution of the issues in the New York case including, but not limited to, the issue of default of any party in the underlying Contract . . . . As is correctly argued by defendants . . . a condition precedent to any action on the Guaranty or Guarantees supporting or supplementing the Contract is a determination of whether a party to the Contract is in default thereby triggering the provisions of any Guaranty. This Orange County action must necessarily follow proceedings in New York concerning breach of the Contract or violation of any provisions pertinent thereto." The court ruled the stay would remain in effect until further order, and vacated a pending trial date.

Plaintiffs unsuccessfully moved for reconsideration. They now appeal.

II

DISCUSSION

*Motion to Dismiss*

Defendants filed a motion to dismiss, arguing the trial court's order staying the action was not based on forum non conveniens. They asserted an order based on discretionary grounds other than forum non conveniens was not appealable. Plaintiffs argue that defendants' motion was based entirely on forum non conveniens, and the trial court, whatever its reasoning, granted, in part, that motion.

Plaintiffs have the better argument here. "[W]e review judicial action and not judicial reasoning." (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1676.) Here, the court had before it a motion to stay or dismiss based

7

on forum non conveniens, and that is the motion the court ruled upon. The order granting the motion in part is therefore appealable pursuant to section 904.1, subdivision (a)(3). The motion to dismiss, accordingly, is denied.

*General Principles of Forum Non Conveniens and Standard of Review*

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere. [Citation.]" (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) As we noted *ante*, the doctrine is codified in California in section 410.30, which states: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (§ 410.30, subd. (a).) "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

Both parties agree, and we concur, that this order is subject to review for abuse of discretion. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) "We 'will only interfere with a trial court's exercise of discretion where [we find] that under all the evidence, viewed most favorably in support of the trial court's action, no judge could have reasonably reached the challenged result. [Citation.] '[A]s long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be . . . set aside . . . .'" [Citation.]' [Citation.]" (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 696.)

8

*The Court's Order Granting a Stay was Within its Discretion*

While the trial court's order does not conform to a traditional forum non conveniens analysis, the necessary points are nonetheless present. The trial court implicitly concluded that New York was a suitable alternate forum, given that it found that critical issues related to this case could be decided there. Indeed, plaintiffs do not argue otherwise.

We therefore move on to the public and private factors. The public factors relate to "the interests of the public in retaining the action for trial in California," (*Stangvik*, *supra*, 54 Cal.3d at p. 751), and no such factors are present here. The private factors generally relate to "those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Ibid.*) Here, however, there was a unique factor based on the fact that the guaranty is inextricably bound to another contract, the 241 Fifth agreement.

Plaintiffs argue that the guaranty is enforceable against the defendants without any regard for the underlying agreement, based on language making the guaranty absolute and unconditional, and waiving the right to require a proceeding against Hazak. Defendants counter that they are only liable "on demand after the default" by Hazak under the express terms of the guaranty. A California court could not determine whether Hazak was in default without making binding decisions about the 241 Fifth agreement, which is subject to a New York forum selection clause. The default of Hazak is indeed, as the trial court concluded, a condition precedent to the liability of defendants under the guaranty, and it is an issue that cannot be decided in California.

Further, defendants are not being sued by Beshmada, the original beneficiary of the guaranty, but by plaintiffs. Absent a valid assignment from Beshmada

9

to plaintiffs, they cannot sue under the guaranty. Even if the default issue could be decided without stepping on the toes of the New York courts, a California court certainly cannot decide the validity of the assignment, which has already been addressed by one New York court, without doing so. The far better course, as the trial court decided, is to let the 2012 action play out in the New York courts, which will necessarily require these issues to be decided one way or the other. This was not an abuse of discretion.

Plaintiffs' only other argument is the same argument it offered below, specifically, that section 410.40 trumps section 410.30 and prohibits the trial court from applying the doctrine of forum non conveniens. That section states, in relevant part: "Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state."

In support of their argument that this section trumps the doctrine of forum non conveniens, plaintiffs quote from a treatise but fail to cite a single case, or offer any reasoned argument, in support of this proposition. The language of the statute simply states that "[a]ny person may maintain an action or proceeding" if the relevant conditions are met. Even if this statute was meant to displace forum non conveniens in relevant cases, a stay in this matter does not run afoul of the statute because the action has not been dismissed. It has simply been stayed until relevant action is taken in New York. Thus, the trial court did not abuse its discretion in ordering the action stayed.

10

### III

### DISPOSITION

The court's order staying this action is affirmed.  Defendants are entitled to their costs on appeal.


MOORE,  J.

WE CONCUR:


BEDSWORTH,  ACTING  P. J.


ARONSON,  J.

11