Filed 3/30/15  Shokrian v. VF Corp. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JONATHAN SHOKRIAN, | B258205 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC121572) |
| v. | |
| VF CORPORATION, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Craig D. Karlin, Judge.  Affirmed.

The Aftergood Law Firm and Aaron D. Aftergood for Plaintiff and Appellant.

Loeb & Loeb, Mark D. Campbell, and Rachel A. Straus; Sidley Austin and Mark D. Campbell for Defendants and Respondents.

_____

Jonathan Shokrian appeals from an order staying this action on grounds of forum non conveniens. We conclude that Shokrian has not shown that the order constituted an abuse of discretion, and we therefore affirm.

BACKGROUND[1]

Photographer Rony Alwin took a photograph of Shokrian at a private party. In 2010, Alwin licensed defendant VF Europe B.V.B.A. to use the photograph of Shokrian on "size tickets" of certain Lee brand "apparel and denim products." In 2012, VF Europe began selling "Luke" jeans, a Lee jeans product. Affixed to the Luke jeans were "hang tags" bearing the image of Shokrian that Alwin had licensed to VF Europe. Luke jeans were sold only in Europe and the Middle East.

In 2013, defendant VF Corporation (of which VF Europe is a wholly owned subsidiary) received "an attorney letter demanding that VF Corporation cease and desist the use of all hang tags with Shokrian's image." The letter was forwarded to VF Europe, which immediately removed the hang tags bearing Shokrian's image from all Luke jeans in VF Europe's warehouses, destroyed the remaining stock of hang tags bearing Shokrian's image, and began producing hang tags for Luke jeans that did not bear Shokrian's image.

In October 2013, Shokrian filed suit in Los Angeles County Superior Court, alleging claims for common law and statutory invasion of privacy by commercial appropriation based on the allegedly unauthorized use of his image on the Luke jeans hang tags. His first amended complaint named VF Corporation, VF Jeanswear Sales, Inc., Lee Apparel Services, Inc., Lee Sales, Inc., Lee Jeans ("a business entity, form unknown"), VF Jeanswear Limited Partnership (collectively the "entity defendants") and Alwin as defendants. VF Europe was not a defendant.

On January 30, 2014, the entity defendants moved to stay or dismiss the action on grounds of forum non conveniens. The entity defendants, all of which are based in the United States, contended that they had nothing to do with the events at issue. Rather,

---

[1]    Our factual summary is drawn from the allegations in Shokrian's pleadings and the evidence submitted by the parties on the forum non conveniens motion.

2

they claimed that "all of the conduct about which [Shokrian] complains occurred in Belgium" and was the work VF Europe (a Belgian entity) and an advertising agency called Satisfaction (also a Belgian entity), which VF Europe had retained. They argued that Belgian courts provided an adequate alternative forum and that the relevant factors weighed in favor of staying or dismissing this action because most of the witnesses and relevant documents are located in Belgium, among other reasons. As regards adequacy of the Belgian forum, the entity defendants expressly consented to jurisdiction of the Belgian courts and waived any statutes of limitations that might apply. They also noted that Alwin's contract with VF Europe provides that it "shall be governed by and construed in accordance with the laws of Belgium" and that disputes between the parties "shall be submitted to the exclusive jurisdiction of the Commercial Court of Antwerp." The evidence submitted in support of the motion included a declaration by an expert on Belgian law.

On February 5, 2014, Shokrian amended his complaint to add VF Europe as a defendant. On April 2, 2014, VF Europe, appearing specially, filed a joinder in the entity defendants' forum non conveniens motion.[2]

On July 10, 2014, Shokrian filed opposition to the motion on numerous grounds and submitted evidence in support of his position, including a declaration by an expert on Belgian law. In particular, he introduced evidence that the only Belgian court that would have subject matter jurisdiction over his claims would be the Belgian Court of First Instance and that the Belgian Court of First Instance would not have personal jurisdiction over Alwin without Alwin's consent. He further pointed out that Alwin had never consented to that court's jurisdiction.

On July 11, 2014, Alwin filed a notice of nonopposition to the entity defendants' motion. Attached to the notice of nonopposition was a declaration by Alwin in which he consented to the jurisdiction of the Belgian Court of First Instance and waived any applicable statutes of limitations.

---

[2]     It appears that on April 2, 2014, VF Europe also filed a motion to quash service of summons on grounds of lack of personal jurisdiction and ineffective service of process.

On July 14, 2014, Shokrian filed a written objection to Alwin's notice of nonopposition, characterizing it as a joinder in the entity defendants' motion and seeking to have it, and the supporting evidence attached to it, stricken as untimely. The entity defendants' reply in support of their motion included certain supplemental declarations, and Shokrian filed written objections to that evidence as well.

The court overruled Shokrian's objections, granted the entity defendants' motion to stay that action, and denied without prejudice the motion to dismiss. Shokrian timely appealed.

DISCUSSION

Shokrian urges reversal of the trial court's ruling on several grounds. We find none of them persuasive.

First, Shokrian argues that the trial court abused its discretion and violated Shokrian's due process rights by admitting and relying upon the evidence submitted with Alwin's notice of nonopposition and the entity defendants' reply. We disagree. The authority cited by Shokrian confirms that the trial court has discretion to admit and consider new evidence submitted in reply as long as the opposing party has notice and an opportunity to respond. (*Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362, fn. 8.) Shokrian filed written objections to Alwin's notice of nonopposition and the entity defendants' reply evidence, and Shokrian had ample opportunity to address all of the evidence when the motion was heard on both July 23 and August 5, 2014. We find no abuse of discretion and no due process violation.[3]

---

[3]     We likewise reject Shokrian's argument that Alwin's consent to jurisdiction in the Belgian Court of First Instance was somehow improper because Alwin had previously testified in his deposition "that he did not consent to jurisdiction" in that court. At his deposition, Alwin was asked whether he knew if he "would ever consent to the jurisdiction of the Belgian Court of First Instance." He answered that he "would have to leave that to my – my lawyer." He was then asked, "But it is your testimony that you haven't given consent?" He answered, "No, I haven't." The testimony thus makes clear that (1) Alwin was stating only that he had not yet consented, and (2) he did not know whether he would consent in the future. All of that testimony is fully consistent with

4

Second, Shokrian argues that the trial court applied an incorrect legal standard in deciding the entity defendants' motion, because the court stated that it needed to determine whether the balance of various public and private interest factors "makes it just that the litigation proceed in the alternative forum." Shokrian contends, to the contrary, that the court could grant the motion only after determining that California was a "seriously inconvenient forum." We are not persuaded. At one point in its 13-page ruling, the court did say that the motion must be denied unless the balance of factors "makes it just" that the litigation proceed in the alternative forum. But the court's analysis considered as a whole makes clear that the court applied the correct standard. The court stated, for example, "The essential inquiry is whether California is a seriously inconvenient forum, not whether another forum offers a better forum than California," and the court ultimately concluded that, with one exception, the relevant factors "overwhelmingly support a finding that California is a seriously inconvenient forum." We therefore reject Shokrian's argument that the court applied an incorrect legal standard.

Third and finally, Shokrian argues that the trial court's balancing of the relevant factors constituted an abuse of discretion. We disagree.

"In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and

_____

Alwin's subsequent declaration consenting to jurisdiction in the Belgian Court of First Instance.

5

weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751.) "The granting or denial of such a motion is within the trial court's discretion, and substantial deference is accorded its determination in this regard." (*Ibid.*) The trial court has not abused its discretion as long as its decision "is within the range of options available under governing legal criteria in light of the evidence before the tribunal." (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680.) "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citation.]" (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272.)

As regards the private interest factors, Shokrian's arguments are based on his contentions that (1) the evidence introduced on the forum non conveniens motion conclusively establishes liability, so the only remaining issue is damages, and (2) the entity defendants did not specifically identify any witnesses or items of documentary or physical evidence that would actually be needed at trial but are located in Belgium. We are not persuaded. On the first point, we have reviewed the evidence cited by Shokrian and do not believe that it conclusively establishes liability. For example, Shokrian quotes the entity defendants' moving papers' statement that whether Alwin "had the authority to allow Satisfaction and VF Europe to use the image of Mr. Shokrian for commercial purposes is the pivotal issue in this litigation" (italics omitted), and Shokrian asserts that Alwin testified at his deposition that "he never had any such authority or permission from [Shokrian] to sell or use his photograph to [VF Europe]." But in the cited portion of Alwin's deposition transcript, Alwin testified only that he did not have "written consent" from Shokrian to use his images. Moreover, on the issue of damages Shokrian expressly concedes that the relevant evidence is "exclusively within Defendant [VF Europe's] possession, custody and control." On the second point, the entity defendants supported their motion with evidence that they had nothing to do with the facts alleged in Shokrian's first amended complaint, because the image in question was licensed not to

6

them but to VF Europe, which (1) is a Belgian entity, (2) was not a defendant as of the filing of the entity defendants' forum non conveniens motion, (3) developed and produced the hang tags bearing Shokrian's image, and (4) sold the Luke jeans bearing those hang tags exclusively in Europe and the Middle East. That constitutes substantial evidence that relevant witnesses, documents, and other physical evidence will be located in Belgium. Requiring a higher degree of specificity from the entity defendants—requiring that they identify particular witnesses or documents that will be needed at trial—would be unfair. In effect, they showed that they have no relevant witnesses or documents because they had nothing to do with the transactions at issue, which involved not them but rather a Belgian entity.[4] That is a sufficient showing that relevant witnesses and evidence will be located in Belgium. For all of these reasons, we conclude that Shokrian has failed to show any abuse of discretion in the trial court's treatment of the private interest factors.

As regards the public interest factors, Shokrian (1) argues at length that a case the trial court relied on, *Love v. Associated Newspapers, Ltd.* (9th Cir. 2010) 611 F.3d 601 (*Love*), is legally and factually inapposite, and (2) "no substantial evidence supported the trial court's factual and legal conclusion that Belgium had any significant interest in having its laws applied to this action greater than that of California." Again, we are not persuaded. On the first point, the trial court acknowledged that *Love* is "not a forum non conveniens case" but concluded that it still served as a useful illustration—as the trial court put it, "Belgium has a greater interest than California in regulating the distribution of Belgian owned and made clothing products, like Luke jeans (and their accompanying hang tags), especially when they are only distributed in Belgium, other European countries and the Middle East," just as in *Love* (which involved a Nevada plaintiff suing in California for unauthorized use of his image in certain newspapers and compact discs

---

[4]     In connection with the public interest factors, Shokrian suggests that Luke jeans may have been produced by VF Corporation and merely marketed and distributed by VF Europe. A declaration by an officer of VF Europe, however, unequivocally states that none of the entity defendants "had any involvement in the sale, *production* or distribution of 'Luke' jeans." (Italics added.)

7

distributed in England), England had a greater interest than California in regulating the distribution of the newspapers and compact discs at issue. The trial court's conclusion is sensible on its face, so it would not exceed the bounds of reasons even if it were unsupported by *Love* or any other authority. On the second point, the trial court acknowledged "that California has an interest in protecting its citizens from misappropriation of their likeness" but concluded that "all the other factors considered by the court . . . overwhelmingly support a finding that California is a seriously inconvenient forum." Given the evidence that was before the court—showing that the entity defendants had no involvement in the sale, production, or distribution of Luke jeans, that VF Europe and Satisfaction (both Belgian entities) developed and produced the hang tags bearing Shokrian's image, and that Luke jeans bearing those hang tags were sold exclusively in Europe and the Middle East—the court's conclusion that California was a seriously inconvenient forum did not exceed the bounds of reason.

For all of the foregoing reasons, we affirm the trial court's order granting the motion to stay the action on grounds of forum non conveniens.

DISPOSITION

The order is affirmed. Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

8