Filed 12/15/21  Draper v. R.H. Peterson Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAREN DRAPER et al., | B303982 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC680137) |
| v. | |
| R.H. PETERSON CO. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gloria White-Brown, Judge.  Affirmed.

Klein & Frank, Beth Klein; The Yarnall Firm, Delores A. Yarnall; Marc J. Bern & Partners and Brian Depew for Plaintiffs and Appellants.

Wolfe & Wyman, Jason D. Hunter; Prindle, Goetz, Barnes & Reinholtz and Jack R. Reinholtz for Defendants and Respondents.

Plaintiffs and appellants Karen Draper (Mrs. Draper) and Howard George Draper (Mr. Draper) (collectively, Plaintiffs or the Drapers) appeal an order dismissing their action against defendants and respondents R.H. Peterson Co. (Peterson) and Dexen Industries, Inc. (Dexen) (collectively, Defendants) following the grant of Defendants' motions to dismiss for forum non conveniens.[1][2]

We conclude the trial court properly determined this action should be litigated in Colorado. We also reject Plaintiffs' other arguments and affirm the order of dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

The Drapers are residents of Snowmass, Colorado. They allege injuries caused when a propane barbeque exploded at their home on October 20, 2015, causing serious physical harm to Mrs. Draper. The barbecue grill was manufactured by Peterson and included a timer made by Dexen. The Drapers purchased the grill and timer from a retailer, The Fireplace Company, in Carbondale, Colorado.

On October 17, 2017, the Drapers filed this action in the Los Angeles Superior Court, naming Peterson and various Does as defendants. On November 28, 2018, the Drapers amended

---

[1]    An appeal may be taken from "a written order of dismissal under Section 581d following an order granting a motion to dismiss the action on the ground of inconvenient forum." (Code Civ. Proc., § 904.1, subd. (a)(3).)

[2]    All unspecified statutory references are to the Code of Civil Procedure. Also, all rule references are to the California Rules of Court.

their complaint to identify Dexen as Doe number 1. Defendants filed answers to the complaint.

On January 28, 2019, Dexen filed a motion to dismiss Plaintiffs' complaint for inconvenient forum, or in the alternative, to apply Colorado law. On February 4, 2019, Peterson filed a joinder in Dexen's motion. On or about August 5, 2019, Peterson filed its own motion to dismiss the complaint for inconvenient forum, or in the alternative, to apply Colorado law. The movants contended the only connection the parties have to California is that Peterson and Dexen are corporations with their principal place of business in California. On the other hand, the grill and timer were purchased from a Colorado retailer; the propane tank was filled by Amerigas, a Colorado utility, at Plaintiffs' home; the explosion was investigated by Colorado government officials and by the Plaintiffs' homeowner's insurer; Plaintiffs identified 22 Colorado percipient witnesses; and Mrs. Draper received post-incident medical care from at least 36 medical care providers in Colorado.

In opposition, the Drapers argued, inter alia: the movants failed to overcome the strong presumption in favor of preserving Plaintiffs' choice of forum in Defendants' home state and failed to show that California is a seriously inconvenient forum; Peterson had failed to plead forum non conveniens as an affirmative defense in its answer; Defendants took advantage of the California forum for nearly two years, taking voluminous discovery unrelated to their motions to dismiss; Defendants had failed to show they were subject to personal jurisdiction in Colorado; and Defendants had failed to show they would waive the Colorado statute of limitations.

On August 26, 2019, the matter came on for hearing. On September 5, 2019 and September 23, 2019, respectively, the trial court granted Peterson's and Dexen's motions to dismiss the action for forum non conveniens. The trial court rejected Plaintiffs' arguments that Peterson had waived its right to assert forum non conveniens by failing to plead it as an affirmative defense. It also rejected Plaintiffs' argument that Defendants' extensive discovery unrelated to the motion to dismiss precluded Defendants from contending that California is an inconvenient forum. It found that Colorado is a suitable alternative forum because Colorado has jurisdiction over both Peterson and Dexen, and both had agreed to waive any statute of limitations defense so as to enable Plaintiffs to refile their action in Colorado. Further, the private interests weighed in favor of litigating this case in Colorado because, among things, Mrs. Draper had identified 22 Colorado percipient witnesses as well as 36 post-incident treating medical care providers in Colorado. The public interest also weighed in favor of the Colorado forum because trial would realistically take 21 to 30 days and would be a significant burden on jurors in Pomona, in a case that is unrelated to their community.

On October 31, 2019, Plaintiffs filed a motion seeking to vacate the orders of September 5 and September 23, 2019 and requesting a new trial pursuant to section 657, as well as an order under section 473 setting aside as void the orders that granted Defendants' dismissal motions. On January 7, 2020, the trial court denied said motions.

On January 16, 2020, the trial court signed and filed an order dismissing the action (§ 581d) pursuant to the grant of Defendants' motions to dismiss for forum non conveniens. The

4

order, at Part 3, conditioned the dismissal on Defendants' compliance with the four following conditions, which we summarize as follows: (A) Peterson and Dexen shall not raise the statute of limitations in Colorado; (B) Defendants shall make their current employees available for deposition in Colorado, and shall present their current employees to be witnesses in person at the Colorado trial, at Defendants' expense; (C) Defendants shall not destroy any documents, and shall, to the extent possible, recreate any destroyed documents and serve them on Plaintiffs within 45 days; and (D) subject to any rulings by the Colorado court relating to admissibility of proposed evidence, the parties shall be entitled to use in the Colorado case any discovery taken in the California case. The order further provided that if the parties violate Conditions 3A, 3B, or 3D, Plaintiffs were entitled to return to the trial court to request an order reopening the California case and restoring the matter to the active calendar.

On January 30, 2020, Plaintiffs filed a timely notice of appeal from the January 16, 2020 order of dismissal.[3]

During the pendency of the appeal, on July 13, 2020, Plaintiffs filed a motion in the trial court to vacate the January

_____

[3] We note that earlier, on September 23, 2019, the trial court signed and filed an order of dismissal as to Peterson only. However, the January 16, 2020 order of dismissal stated that it constitutes the signed order of dismissal required under section 581d. We agree with Defendants that the operative order is the January 16, 2020 order of dismissal that imposed conditions on the dismissed Defendants. We construe the January 16, 2020 order as granting in part Plaintiffs' motion to vacate the September 23, 2019 order that unconditionally dismissed the action as to Peterson, and correct the January 16, 2020 order insofar as it states that Plaintiffs' motion to vacate the September 23, 2019 order was denied.

5

16, 2020 order of dismissal, contending that Defendants had violated Condition 3C of the dismissal order, and had concealed the fact that Hwei Keh Enterprise Co., Ltd. (HKE), the manufacturer of the timer, was independent of Dexen. Defendants asserted that the trial court lacked jurisdiction to hear the motion due to the pendency of the appeal. On September 10, 2020, Plaintiffs withdrew their motion and it was taken off calendar.

## CONTENTIONS

The Drapers contend: (1) Peterson waived the forum non conveniens defense by not pleading it in the answer; (2) the trial court erred in dismissing the action based on section 413.10, a statute upon which neither defendant relied; (3) both defendants waived forum non conveniens by taking unrelated California discovery far exceeding that available in Colorado, to Plaintiffs' incurable unfair prejudice; (4) Colorado is not a suitable forum; (5) the trial court applied the wrong standard, Defendants failed to meet their burden of proof, and the private and public interest factors don't support dismissal here; (6) the trial court erred in denying Plaintiffs' motion for new trial; and (7) the dismissal rendered the court's conditions for dismissal unenforceable and deprived the court of jurisdiction to revise its position, even for Defendants' misrepresentations.[4]

---

[4] During the pendency of the appeal, this court deferred rulings on the following four requests for judicial notice (RJN): Dexen's RJN filed July 17, 2020; Plaintiffs' RJN filed December 28, 2020; Defendants' joint RJN filed May 13, 2021; and Plaintiffs' reply RJN filed August 10, 2021. Bearing in mind that taking judicial notice of a document is not the same as accepting the truth of its contents (*Herrera v. Deutsche Bank National*

**DISCUSSION**

1.  *General principles relating to a motion to dismiss or stay an action based on the forum non conveniens doctrine.*

Defendants' motions that led to the trial court's dismissal were motions to stay or dismiss Plaintiffs' action on the ground of forum non conveniens.  (§ 410.30, subd. (a).)[5]  Such motions are subject to the two-part analysis set forth in *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744 (*Stangvik*).

"In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial.  If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California.  The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses.  The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon

---

*Trust Co.* (2011) 196 Cal.App.4th 1366, 1375), the pending RJNs are hereby granted.

[5]      Section 410.30 states in relevant part at subdivision (a) that "[w]hen a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation.  [Citations.]" (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

The ultimate question is whether the balancing of the *Stangvik* factors shows that California is an inconvenient forum. (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1464 (*Morris*).)  The defendant, as the moving party, bears the burden of proof.  (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

"The trial court's first determination, whether there is a suitable alternative forum, is a nondiscretionary legal question subject to de novo review.  [Citations.]  The second determination, the weighing of private and public factors, is discretionary and subject to review only for an abuse of discretion—and we must accord substantial deference to the trial court's balancing of the factors.  [Citations.]" (*Morris*, *supra*, 144 Cal.App.4th at p. 1464.)

2.  *No merit to Plaintiffs' contention that Peterson waived the forum non conveniens doctrine.*

Plaintiffs contend that one of the Defendants, Peterson, waived the forum non conveniens doctrine by failing to plead it as an affirmative defense in its answer.  (§ 431.30, subd. (b)(2) [answer shall contain a statement of any new matter constituting a defense].)  We conclude the trial court properly rejected this argument.

Any issue " 'on which defendant bears the burden of proof at trial is "new matter" and must be specially pleaded in the answer.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 756.)  A motion to dismiss based on forum non conveniens does not fall within the scope of new

matter because it is not an affirmative defense that must be proven at trial.

Moreover, a defendant "who has generally appeared may make a forum non conveniens motion at any time, not only on or before the last day to plead." (*Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127, 133 (*Britton*).) This is "a reasonable rule because it may be necessary to conduct discovery to develop the factual underpinnings of a forum non conveniens motion. [Citation.] Further, to retain a case for the entire duration of the litigation because the lack of connection to California was unclear at the outset would impair the state's interest in avoiding burdening courts and potential jurors with litigation in which the local community has little concern." (*Id*. at p. 135; see generally, California Judges Benchbook: Civil Proceedings-Before Trial (2021) § 9.76.)

In sum, there is no merit to Plaintiffs' contention that Peterson waived the forum non conveniens doctrine by not pleading it in the answer.

3. *No merit to Plaintiffs' contention that the trial court erred in dismissing the action pursuant to section 410.30 because Defendants failed to specify that statute in their notices of motion.*

By way of background, the provisions of sections 418.10 and 410.30 both relate to forum non conveniens motions. (*Britton*, *supra*, 153 Cal.App.4th at p. 134.) They provide "that where a defendant has not appeared, section 418.10 applies and specifies the procedure for bringing a forum non conveniens motion.[6] Section 410.30 applies after a defendant has

_____

[6] Section 418.10 states in relevant part at subdivision (a): "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow,

9

appeared.[7]" (*Britton*, at p. 134.)  Here, although each defendant had already appeared, their notices of motion to dismiss for forum non conveniens specified section 418.10, rather than section 410.30.

Plaintiffs contend on appeal that the trial court erred in dismissing the action pursuant to section 410.30 because California law requires moving parties to give opposing parties written notice of the grounds upon which their motion relies (§ 1005, subd. (a); § 1010; rules 3.1110(a) & 3.1112(a)(1)), and courts generally consider only the grounds stated in the notice of motion.  (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.)  Plaintiffs agree with Defendants that the pertinent statute is section 410.30 since Defendants had already appeared, but because neither defendant's notice of motion specified section 410.30, the trial court erred in granting the motions for forum non conveniens pursuant to a statute that was not specified in the notices of motion.  The argument is meritless.

An omission in a notice of motion "may be overlooked if the supporting papers make clear the grounds for the relief sought.  [Citations.]  The purpose of these requirements is to cause the moving party to 'sufficiently define the issues for the information

---

may serve and file a notice of motion for one or more of the following purposes:  [¶] . . . [¶]  (2) To stay or dismiss the action on the ground of inconvenient forum."

7  Section 410.30 states in full:  "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just.  [¶]  b) The provisions of Section 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance."

10

and attention of the adverse party and the court.' [Citation.]" (*Luri, supra*, 107 Cal.App.4th at p. 1125.)

It is true that both notices of motion specified section 418.10, rather than 410.30. However, it was clear from the moving papers that Defendants were seeking to dismiss the action for forum non conveniens, and Plaintiffs do not assert that they were somehow prejudiced or misled by the movants' specification of 418.10 instead of section 410.30 in their notices of motion. Notably, in their opposition papers below, Plaintiffs did not argue that section 418.10 did not authorize the court to grant Defendants' motions for forum non conveniens. In Plaintiffs' March 4, 2019 opposition to Dexen's motion to dismiss, and in their August 14, 2019 opposition to Peterson's motion to dismiss, they simply responded to the merits of the inconvenient forum issue and contended that their choice of a California forum should be upheld.

Thus, notwithstanding the fact that Defendants' notices of motion specified section 418.10 rather than section 410.30, the record establishes that Plaintiffs understood that Defendants were moving to dismiss their action for forum non conveniens, Plaintiffs opposed the motions on that basis, and the issues were fully litigated. Therefore, we reject Plaintiffs' contention that the order must be reversed simply because the notices of motion did not specify section 410.30.

4. *No merit to Plaintiffs' contention that Defendants waived the forum non conveniens doctrine by taking discovery in California.*

Plaintiffs contend both Defendants waived forum non conveniens by taking California discovery unrelated to the inconvenient forum issue, far exceeding that available in Colorado, to Plaintiffs' prejudice.

a. *Trial court's ruling.*

Plaintiffs raised this issue in the court below, urging the court to deny the forum non conveniens motions on the ground that Defendants had already taken voluminous discovery unrelated to the motion to dismiss. The trial court rejected this argument, stating "Plaintiffs here, however, have not provided the court with any evidence in support of their assertion that the discovery conducted by [Peterson], to date, 'far exceeds the discovery that would have been allowed in Colorado.' . . . . Plaintiffs, moreover, have not articulated any prejudice caused by any such discovery, particularly since both [Defendants] are agreeable that all written discovery, deposition testimony, pleadings and records in this action may be used in the Colorado action."

b. *Pertinent case law.*

The trial court's decision was guided by *Martinez v. Ford Motor Co.* (2010) 185 Cal.App.4th 9 (*Martinez*). There, the plaintiffs sued Ford Motor Company (Ford) and Cooper Tire and Rubber Company (Cooper Tire) in San Diego Superior Court following a fatal rollover accident that occurred in Mexico; the vehicle had been purchased in San Diego County. The complaint alleged that the tread on the vehicle's defectively designed and manufactured right rear tire separated from the wheel, causing

12

the driver to lose control of the Explorer.  (*Id*. at pp. 11-12.)
Cooper Tire and Ford answered the complaint and Cooper Tire
subsequently successfully petitioned to transfer the complaint to
Los Angeles to be included in a coordinated proceeding known as
the Winston Tire Cases, in which both Ford and Cooper Tire were
defendants.  (*Id*. at pp. 12-13.)  Ford and Cooper Tire propounded
more than 1,400 pages of written discovery on the plaintiffs and
the plaintiffs' responses spanned more than 650 pages.  (*Id*. at p.
16.)  Ford then filed a motion to dismiss for dismiss for forum non
conveniens, in which Cooper Tire joined.  (*Id*. at pp. 16-17.)  The
motion contended that the ties of the lawsuit to Mexico
predominated over any ties to California, making Mexico the
appropriate forum for trying the case.  In opposition, the
plaintiffs argued that the defendants had delayed their motion to
dismiss in order to take advantage of discovery mechanisms in
California that do not exist in Mexico.  (*Id*. at p. 17.)  The trial
court granted the motion and entered an order of dismissal after
concluding California was a " 'seriously inconvenient forum' " in
which to try appellants' lawsuit.  (*Id*. at p. 17.)

The reviewing court reversed, stating "A party abuses the
discovery process when it takes advantage of California's laws
and legal processes to propound discovery beyond the scope of
establishing the grounds for a forum non conveniens motion and
then, after getting its discovery, asserts California is an
inconvenient forum.  [Citation.]"  (*Martinez*, *supra*, 185
Cal.App.4th at p. 18.)  Mexico, which was "the forum the trial
court deemed more suitable than California in which to try [the]
lawsuit, does not allow the type or scope of discovery that
California permitted [the defendants] to propound here.  Mexico
does not allow written discovery akin to interrogatories and

13

provides for only limited requests for production of documents. Indeed, Ford's expert witness on Mexican law stated, 'We don't have discovery in Mexico.' Although Ford's witness may have been slightly exaggerating, we nonetheless accept as well-taken the point that Ford and Cooper Tire could not have received in Mexico the discovery that they got while litigating in California. [¶] . . . (See, e.g., *Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1196 [prejudice when party uses discovery not available in arbitration to discover plaintiffs' strategy and evidence before moving to compel arbitration].)" (*Martinez*, *supra*, 185 Cal.App.4th at pp. 18-19.) *Martinez* concluded that the defendants "used a California court for discovery they could not have obtained in Mexico to get evidence unrelated to their forum non conveniens motion. Having availed themselves of the advantages of California courts to the prejudice of [the plaintiffs], [the defendants] cannot now be heard to say our state's courts are inconvenient." (*Id.* at p. 21.)

        c. *Trial court properly rejected Plaintiffs' contention that Defendants had waived forum non conveniens by propounding discovery in California unrelated to the inconvenient forum issue.*

In ruling against Plaintiffs on this issue, the trial court stated that "*Plaintiffs . . . have not provided the court with any evidence* in support of their assertion that the discovery conducted by [Peterson], to date, 'far exceeds the discovery that would have been allowed in Colorado.'" (Italics added.)

Plaintiffs have not met their burden to show the trial court erred in this regard. In their appellants' opening brief, they merely cite portions of the declarations that their attorneys filed in the court below, but the cited pages do not specify in what

14

respect civil discovery in Colorado is more limited than the discovery available in California.

In addition to citing the declarations of counsel, the appellants' opening brief cites to the reporter's transcript of the hearing on the forum non conveniens motions to assert that, unlike California, Colorado does not allow defendants to learn about medical insurance, medical benefits and payments, or preexisting conditions. Leaving aside the propriety of raising new matter at the hearing, the argument of counsel does not constitute evidence. (*Beagle v. Vasold* (1966) 65 Cal.2d 168, 176.)

Plaintiffs could have asked the trial court to take judicial notice of Colorado law to support their assertion that the discovery that Defendants conducted in California exceeded what would have been allowed in Colorado; judicial notice may be taken of the law of another state (*In re Marriage of Pendleton and Fireman* (2000) 24 Cal.4th 39, 47, fn. 6; Evid. Code § 452, subd. (a)), with the burden "on the party seeking judicial notice to provide sufficient information to allow the court to take judicial notice." (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 744.)

Plaintiffs failed to make a record in this regard. They failed to supply the trial court with evidence as to the alleged limitations that Colorado imposes on civil discovery. Therefore, on the record presented, the trial court properly found that Plaintiffs had not provided the court with any evidence to support their assertion that the discovery that Defendants obtained in California far exceeded the discovery that would have been allowed in Colorado.

15

Accordingly, there is no merit to Plaintiffs' contention that Defendants waived forum non conveniens by obtaining discovery in California "far exceeding that available in Colorado."

We now turn to the merits of the forum non conveniens question.

5. *Trial court properly determined that Colorado is a suitable alternative forum.*

a. *General principles.*

As indicated, the trial court's initial determination in the forum non conveniens analysis, i.e., "whether there is a suitable alternative forum, is a nondiscretionary legal question subject to de novo review." (*Morris*, *supra*, 144 Cal.App.4th at p. 1464.) The availability " 'of a suitable alternative forum for the action is critical.' [Citation.] *A forum is suitable if there is jurisdiction and no statute of limitations bar to the action.* It is sufficient that the action can be brought, although not necessarily won, in the suitable alternative forum. [Citations.]" (*Ibid.*, italics added.)

In *Morris*, the trial court found that Texas was a suitable alternative forum, and the reviewing court agreed, stating: " 'All defendants have agreed to consent to jurisdiction in Texas and state that they will not assert the statute of limitations as a defense in Texas. Therefore, there is no bar to proceeding in Texas.' The trial court correctly relied on the Judicial Council comment to Code of Civil Procedure section 410.30, quoted in *Stangvik*, *supra*, 54 Cal.3d at page 752, which states that a forum is suitable if there is jurisdiction and a defense stipulation not to raise the defense of the statute of limitations in the alternative forum." (*Morris*, *supra*, 144 Cal.App.4th at p. 1464.)

16

b.  *Trial court's ruling that Colorado is a suitable alternative forum.*

The trial court ruled that Colorado has jurisdiction over both the named defendants in this case, Peterson and Dexen, under Colorado's long-arm statute.  Further, Plaintiffs did not dispute that Colorado courts have jurisdiction over said defendants.  Moreover, even if Colorado did not have jurisdiction over Peterson and Dexen, they both had agreed to submit to Colorado jurisdiction with respect to Plaintiffs' claims, and both also had agreed to waive any statute of limitations defense related to the timeliness of Plaintiffs' filing of their complaint so that Plaintiffs could refile in Colorado.

The trial court noted, "Plaintiffs complain that Colorado is not a suitable forum because Plaintiffs cannot be heard on the merits against any new defendants in a new Colorado action, whereas Plaintiffs would be able to take advantage of the doctrine of relation back in California.  Plaintiffs, however, have not identified any additional individual or entity whom they believe should be added as a defendant.  The fact remains that all existing defendants have agreed to waive any statute of limitations defense.  The court is not concerned with hypothetical, unnamed defendants.  The court determines that Colorado is a suitable alternate forum."

c.  *Trial court properly ruled that Colorado is a suitable alternative forum.*

On our de novo review, we agree with the trial court's determination that Colorado is a suitable alternative forum.  Both Dexen and Peterson submitted declarations stating they agreed to submit to the jurisdiction of Colorado, and to waive the statute of limitations defense for the purpose of allowing the

17

Drapers to refile their lawsuit in Colorado.[8]  Given these circumstances, the trial court properly found that Colorado is a suitable alternative forum. (*Morris*, *supra*, 144 Cal.App.4th at p. 1464 [a forum is suitable if there is jurisdiction and no statute of limitations bar to the action].)

Plaintiffs nonetheless contend the trial court's ruling in this regard was erroneous.   We are not persuaded.

*Lack of Colorado jurisdiction over HKE.*  Plaintiffs contend that Colorado is not a suitable forum because it may lack jurisdiction over HKE, a Taiwanese entity that is independent of Dexen, and that manufactured the timer that failed to shut off the grill's gas.  In support, Plaintiffs cite the papers they filed on July 13, 2020 in connection with their motion to vacate the January 16, 2020 order of dismissal.  This argument with respect to a lack of Colorado jurisdiction over HKE, which was not presented to the trial court until six months after the action was dismissed, cannot be considered on the instant appeal from the January 16, 2020 order of dismissal.

*Jurisdiction over five potential new defendants.*  Plaintiffs contend that Defendants' motions identified five potential new defendants, and that Defendants had argued without any basis that California lacked jurisdiction over each:  the propane supplier, Amerigas; the grill retailer, The Fireplace Company; plumber Mark Furlong (Furlong) and his company, Furlong Plumbing & Heating (Furlong Plumbing); and Mr. Draper's

---

[8]    Consistent therewith, in the complaint that the Drapers filed in Colorado two weeks after the trial court granted the motion to dismiss for forum non conveniens, the Drapers pled: "Both Peterson and Dexen have agreed to submit to the Jurisdiction of this Court, and both have waived any statute of limitation defenses."

defunct construction company, George Draper Construction, Inc. (GDC).  However, irrespective of whether these defendants could be sued in California, the evidence showed that these five potential new defendants were all residents of Colorado whose actions occurred in Colorado.  Because the potential new defendants were subject to jurisdiction in Colorado, we reject Plaintiffs' argument that Colorado was not a suitable forum due to the potential inclusion of these new defendants.

*Statute of limitations as to potential new defendants.* Plaintiffs contend that Defendants' waiver of the statute of limitations was insufficient because there was no waiver of the statute of limitations by the potential new defendants.  The trial court rejected this argument, stating:  "The fact remains that all existing defendants have agreed to waive any statute of limitations defense.  The court is not concerned with hypothetical, unnamed defendants."  We agree.  The trial court properly refused to deny Defendants' motions based on Plaintiffs' claimed inability to sue parties that they had yet to add to the litigation.[9]

In sum, the trial court properly determined that Colorado is a suitable alternative forum.

---

[9] The record reflects that in the new action that Plaintiffs filed in Colorado, following the dismissal of the instant action, they named as defendants The Fireplace Company, Furlong and Furlong Plumbing, and that Plaintiffs entered into settlements with Furlong and Furlong Plumbing, as well as with Amerigas.  Thus, Plaintiffs pursued claims against four of the five "potential" new defendants in Colorado; as for the fifth potential defendant, GDC, Mr. Draper's construction company, the Drapers apparently did not desire to sue themselves.

19

We now turn to the second step of the forum non conveniens analysis.

6. *Plaintiffs fail to show that the trial court abused its discretion in weighing the private interests of the litigants and the interests of the public in determining that California is an inconvenient forum.*

a. *No merit to Plaintiffs' contention that the trial court applied the wrong standard.*

Plaintiffs contend the trial court applied the wrong standard in ruling on Defendants' motions to dismiss for forum non conveniens. Plaintiffs assert a plaintiff's choice of forum should prevail unless a defendant's evidence unequivocally shows that equity weighs strongly in favor of the alternative forum, and that Defendants had the burden to prove that California is a "seriously inconvenient forum." The argument is without merit.

Plaintiffs are residents of Colorado, not California. Therefore, there is no strong presumption in favor of their choice of forum in this state. "California does not recognize a strong presumption in favor of a nonresident plaintiff's choice of forum." (*National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 924 (*NFL*).)

Likewise, the "seriously inconvenient" standard does not apply here. The "seriously inconvenient" standard appears in the comment generated by the Judicial Council when section 410.30 was enacted. (*NFL, supra,* 216 Cal.App.4th at p. 932.) *NFL* "conclude[d] that the phraseology 'seriously inconvenient' as used in the Judicial Council Comment was intended to describe the quantum of evidence needed to justify a dismissal in the face of the strong presumption favoring a resident plaintiff's choice to sue in its home-state court system." (*NFL,* at p. 932; accord, *Fox*

20

*Factory, Inc. v. Superior Court* (2017) 11 Cal.App.5th 197, 206-207.) Here, because Plaintiffs are nonresidents of California, Defendants were not required to establish that California is a "seriously inconvenient" forum.

Accordingly, we reject Plaintiffs' contention that the trial court applied the wrong standard in ruling on the motions.

      b. *No merit to Plaintiffs' contention that Defendants failed to meet their burden of proof.*

Plaintiffs argue in conclusory fashion that Defendants "failed their burden of proof." By this argument, Plaintiff are inviting us to reweigh the evidence. This is an invitation we must decline. (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486.)

Our review under the abuse of discretion standard is deferential. Thus, the test " 'is not whether we would have made a different decision had the matter been submitted to us in the first instance. Rather, the discretion is that of the trial court, and we will only interfere with its ruling if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result. [Citations.]' " (*Estate of Hammer* (1993) 19 Cal.App.4th 1621, 1634.) As discussed below, Plaintiffs have failed to meet their burden on appeal to show that that the trial court's decision was so irrational or arbitrary that no reasonable judge would have reached it.

*c. Trial court acted within its discretion in finding that the private interests weighed in favor of litigating this case in Colorado.*

(1) *Trial court's ruling.*

The trial court ruled as follows: "Here, the private interest factors weigh in favor of litigating this case in Colorado. This matter arises out of an alleged incident occurring in Snowmass, Colorado. Plaintiffs are, and at the time of the incident were, residents of Snowmass, Colorado. Plaintiff [Mrs. Draper] has identified 22 Colorado percipient witnesses and/or persons with knowledge of the incident in her response to [Peterson's] form interrogatories. Plaintiffs also identified 36 post-incident treating medical care providers. [Peterson's] counsel Jason Hunter represents that a significant amount of discovery still needs to be completed, including the Colorado Bureau of Investigation officer, the Fireplace Company owner, Amerigas employees and investigators, emergency medical care responders, percipient witnesses identified in [Mrs. Draper's] form interrogatory responses, and [her] post-incident medical care providers. Also, a witness cannot be compelled to attend trial unless he or she is a resident of California at the time of service. (CCP § 1989.)

"[Peterson] represents that it believes Plaintiff [Mr. Draper], George Draper Construction, Mark Furlong/Furlong Plumbing & Heating, The Fireplace Company, and/or AmeriGas could have caused or contributed to the incident and that keeping this case in California will essentially prevent [Peterson] from filing a cross-complaint against them. 'If defendant has a cross-complaint against third parties who are suable only in the foreign forum, "substantial justice" to defendant may require stay or

22

dismissal of the California action (to avoid multiplicity of suits and possibly inconsistent judgments).' (Weil & Brown, et al., Cal. Prac. Guide: Civ. Pro. Before Trial (The Rutter Group [(2021)]) [¶ 3:433].)  However, 'it is inappropriate to shift the forum based upon the fact that respondent may join others when it has not taken any steps to do so.' [Citation.]  Regardless, the court determines that the other considerations, articulated above, weigh in favor of litigating this case in Colorado." (Italics omitted.)

   (2) *Plaintiffs fail to show on appeal that the trial court abused its discretion in weighing the private interest factors in Defendants' favor.*

  As indicated, the trial court based its decision, inter alia, on the fact that Plaintiffs are Colorado residents, as are 22 percipient witnesses and 36 post-incident treating health care providers.[10]  Plaintiffs disagree with the trial court's decision but they have not briefed this issue in light of the applicable abuse of discretion standard of appellate review.  Instead, Plaintiffs simply argue on appeal that the private interest factors do not support dismissal of their California lawsuit, and that their choice of the California forum should have been upheld.  For example, they assert that "trial in [Defendants'] home state [would be] relatively expeditious and inexpensive to [Defendants], with easy access to proof from [Defendants'] facilities and employees, the cost to obtain witness attendance is

---

[10] We note the declaration of Attorney Jason Hunter, cited by the trial court, shows that of Mrs. Draper's 36 post-incident treating health care providers, 34 are located in Colorado, and two are located elsewhere (not in California).  This slight discrepancy does not affect our analysis.

23

less, and any judgment against [Defendants] is most easily enforced here."

In making these arguments, Plaintiffs in effect are rearguing the showing they made in their opposition papers below and expressing their disagreement with the trial court's decision. However, a decision will not be reversed for an abuse of discretion merely because reasonable people might disagree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

To establish an abuse of discretion, Plaintiffs were required to show that the trial court's decision fell outside the permissible range of options set by the legal criteria (*Orange Catholic Foundation v. Arvizu* (2018) 28 Cal.App.5th 283, 292-293), or that the trial court's decision with respect to the weighing of the private factors was "so irrational or arbitrary that no reasonable person could agree with it." (*Olive v. General Nutrition Centers, Inc.* (2018) 30 Cal.App.5th 804, 827.) Instead, Plaintiffs merely argue to this court that the trial court, in analyzing the private interest factors, should have reached a different conclusion. Accordingly, Plaintiffs did not begin to meet their burden to show an abuse of discretion in this regard.

d. *No showing the trial court abused its discretion in finding that the public interest factors weighed in favor of litigating this case in Colorado.*

(1) *Trial court's ruling.*

On this issue, the trial court stated: "The public interest factors, moreover, weigh in favor of litigating this case in Colorado. Plaintiffs cannot dispute that having the action heard in California would burden the California court system. [Peterson] represents the action will realistically take between

21-30 days to be heard,[11] which will impose a significant burden on potential jurors in Pomona to hear a case involving matters that are unrelated to their community. By way of contrast, Colorado has a significant interest in adjudicating this action, as the incident occurred in Colorado and caused injuries to Colorado residents."

(2) *No showing of an abuse of discretion in the trial court's weighing of the public interest factors.*

Plaintiffs contend the public interest factors do not support dismissal here because the trial court articulated only one public interest factor to justify dismissal—the burden on the California court system that would be imposed by a trial that would consume 21 to 30 days. However, "preventing court congestion resulting from the trial of foreign causes of action is an important factor in the forum non conveniens analysis." (*Stangvik, supra*, 54 Cal.3d at p. 758.)

Thus, for example, *Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.Appp.4th 753, in finding that the public interests weighed in favor of the alternative forum, Montana, stated: "California courts are already overburdened with asbestos litigation and have little or no interest in litigation involving injuries incurred outside of California by nonresidents. It seems unduly burdensome for California residents to be expected to serve as jurors on a case having so little to do with California. The competing interests of California and Montana

---

[11] Peterson's motion stated: "Considering Plaintiffs' injuries and the amount of anticipated percipient witnesses and experts for Plaintiffs and the defense, this case will realistically take between 21-30 days (perhaps longer) to be heard."

25

strongly weigh in favor of litigating this matter in Montana." (*Id.* at p. 760.)

Accordingly, the trial court did not abuse its discretion in concluding the public interest weighs in favor of the Colorado forum.

7. *Other issues.*

a. *Denial of motion for new trial.*

The trial court denied Plaintiffs' motion for new trial without prejudice. It ruled the motion for new trial following the grant of the motions to dismiss for forum non conveniens was premature because the court had not yet signed and filed its findings and conclusions. It further ruled that even if it were to consider the merits of the motion for new trial, there was no basis on which to grant a new trial. Plaintiffs contend on appeal that the trial court erred in denying their motion for new trial.

As a preliminary matter, for purposes of this discussion, we conclude, as did the trial court, that a motion for new trial may be brought following the grant of a motion to dismiss for forum non conveniens. (See Cal. Judges Benchbook Civ. Proc.—After Trial (2021) § 2.3 [although a new trial motion is most commonly made following a trial, it may also be made following any proceeding that resulted in a judgment that resolved the case without a trial].)

Although Plaintiffs contend the trial court erred in denying their motion for new trial, their appellate briefs fail to discuss any of the statutory grounds on which a new trial may be granted under section 657, let alone brief the claim of error in light of the applicable standards of appellate review. Because the briefs lack a legal argument with citation of authorities, we treat the contention regarding the denial of the motion for new trial as

26

waived or abandoned.  (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)

   b.  *The trial court's decision to dismiss rather than stay the action.*

  As indicated, the January 16, 2020 order dismissing the action for forum non conveniens, at Part 3, imposed the following conditions:  (A) Peterson and Dexen shall not raise the statute of limitations in Colorado; (B) Defendants shall make their current employees available for deposition in Colorado, and shall present their current employees to be witnesses in person at the Colorado trial, at Defendants' expense; (C) Defendants shall not destroy any documents, and shall, to the extent possible, recreate any destroyed documents and serve them on Plaintiffs within 45 days; and (D) subject to any rulings by the Colorado court relating to admissibility of proposed evidence, the parties shall be entitled to use in the Colorado case any discovery taken in the California case.  The order further provided that if the parties violate Conditions 3A, 3B, or 3D, Plaintiffs were entitled to return to the trial court to request an order reopening the California case and restoring the matter to the active calendar.

  Plaintiffs contend the trial court's decision to dismiss rather than to stay the action was an abuse of discretion because it deprived Plaintiffs of a remedy in the event that Defendants breached the conditions of the dismissal order.

  The argument is meritless because section 410.30 specifically authorizes the trial court to "dismiss the action in whole or in part on any conditions that may be just."  (*Id*. at subd. (a).)

  Further, Plaintiffs are not without a remedy in the event of a breach of the conditions by Defendants.  As noted, the order of

27

dismissal specifically authorizes Plaintiffs to file a motion to reopen the California case in the event of a breach of Conditions 3A, 3B, or 3D, while deferring to the Colorado court to enforce Condition 3C. Therefore, we reject Plaintiffs' contention that the dismissal of the action rendered the conditions of dismissal unenforceable.

c. *Defendants' alleged violation of Condition 3C.*

As noted, Condition 3C in the January 16, 2020 order of dismissal required Defendants, "to the extent possible," to recreate any destroyed documents and serve them on Plaintiffs within 45 days. On February 28, 2020, Peterson's counsel sent a letter to Plaintiffs' counsel, stating that "despite diligent inquiry . . . [Peterson] is unable to determine which documents may have otherwise been discarded in the past in the ordinary course of business, nor is [Peterson] able to recreate any document which may have been discarded in the ordinary course of business in order to submit them to the parties in accordance with the California Court's order." Similarly, on March 1, 2020, Dexen's counsel wrote that "Dexen has determined that it is not possible to recreate any documents that may have been destroyed or discarded in the normal course of Dexen's business."

Plaintiffs contend that Defendants disobeyed Condition 3C in the order of dismissal because they made no effort to recreate and serve destroyed documents within 45 days.

This argument, which Plaintiffs raised in their July 13, 2020 motion to vacate the January 16, 2020 order of dismissal, is not cognizable on the instant appeal from the January 16, 2020 order of dismissal, and therefore requires no discussion.

28

d. *Alleged lack of Colorado jurisdiction over HKE*.

Plaintiffs contend the order of dismissal should be reversed because Defendants concealed evidence that HKE is a separate entity that is independent of Dexen, and thus, Defendants prevented Plaintiffs from naming HKE as a defendant in California, and from raising a lack of Colorado jurisdiction over HKE to show that Colorado is not a suitable forum.

This argument, just like the previous argument relating to the alleged breach of the conditions of dismissal, is not properly before us.  This argument was raised *after* the dismissal, in Plaintiffs' July 13, 2020 motion to vacate the January 16, 2020 order of dismissal, and thus is not cognizable on the appeal from the order of dismissal.

e. *New issues raised in the Plaintiffs' reply brief on appeal.*

Points raised for the first time in a reply brief on appeal will not be considered, absent good cause for failure to present them earlier.  (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.)  Thus, insofar as the appellants' reply brief asserts the trial court erred in its January 7, 2020 order in refusing to vacate its prior orders, the issue is not properly before us.  The appellants' reply brief also contends the trial court erred in denying their motion for relief under section 473.  This contention, which was not mentioned in the appellants' opening brief and lacks a supporting legal argument, requires no discussion.

## DISPOSITION

The January 16, 2020 order of dismissal is affirmed. Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED**


WINDHAM, J.*

We concur:


LAVIN, Acting P.J.


EGERTON, J.

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.