Filed 4/14/26  Marriage of Nguyen and Phan CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of VICKY NGUYEN and CHRISTOPHER PHAN. | |
| VICKY NGUYEN, Appellant, v. CHRISTOPHER PHAN, Respondent. | G064099 (Super. Ct. No. 19D009645) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Sherri L. Honer, Judge. Affirmed. Appellant's motion to take additional evidence or to take judicial notice. Denied

Masson Fatini, Richard E. Masson and Susan M. Fatini-Masson for Appellant.

David Khanh Hung Tran, Mazur & Mazur, and Janice R. Mazur for Respondent.

Vicky Nguyen appeals from an order of the family court staying dissolution proceedings pursuant to the forum non conveniens doctrine. Nguyen contends respondent Christopher Phan waived his right to bring a forum non conveniens motion. However, the family court raised the forum non conveniens issue sua sponte. Nguyen also contends the family court abused its discretion in applying the doctrine. As discussed below, we conclude the family court considered the relevant factors and did not abuse its discretion in weighing those factors to conclude that staying the proceedings was appropriate. Accordingly, we affirm.

To make clear the effect of our decision: the California case is stayed for the express purpose of allowing the Vietnamese courts to assume jurisdiction and adjudicate this dissolution. After the Vietnamese case concludes, or if the Vietnamese courts decline to assume jurisdiction over the matter, the parties may seek to litigate any remaining unadjudicated issues in the California case.

STATEMENT OF THE CASE

I.

PETITION FOR DISSOLUTION AND REQUEST FOR ORDER

On November 26, 2019, Nguyen filed a petition for dissolution of marriage in the Orange County Superior Court. The petition stated the parties were married on January 20, 2001, and separated on November 26, 2019. They have no children from the marriage. It further stated Nguyen has been a resident of the State of California for the previous six months and a resident of the County of Orange for the preceding three months. The petition requested the family court issue orders awarding spousal support for Nguyen only, confirming that Nguyen has separate property, and determining the division of community and quasi-community rights in: (1) real property

2

located in Westminster, California; (2) CPVN Trading Co. (CPVN); (3) CPVN's bank accounts; (4) vehicle(s); and (5) checking and savings accounts in the United States (U.S.). Finally, the petition requested the court order Phan to pay Nguyen's attorney fees and costs.

The same day, Nguyen filed a request for order awarding spousal support as determined by the guidelines, and $15,000 in attorney fees and costs (2019 RFO). In support, Nguyen stated she was an undergraduate when she married Phan, who is 10 years older than her. In 2006, she helped Phan start an import-export business between Vietnam and the United States. In 2009, Phan went to Vietnam to expand the business, while Nguyen remained in the U.S. to complete her graduate work and obtain a pharmacist license. In 2012, immediately after obtaining her license, she went to Vietnam to join her husband. She worked at an international pharmaceutical company for $1,000 per month, while also performing administrative work for CPVN. In 2018, after suffering from a herniated disk, she had to quit her pharmaceutical job and drastically reduce her work for CPVN. Based on a recent medical examination, her health condition has not improved. Currently, she has no income and is living off savings and financial assistance from her family.

Because Phan was living in Vietnam and due to the pandemic, service of process on Phan was delayed. On August 27, 2020, Phan filed a response and request for dissolution of marriage (Response). The Response stated Phan had been a resident of California for the preceding six months and a resident of Orange County for the preceding three months. It requested no support for any spouse, and that the parties pay their own attorney fees and costs.

3

Thereafter, the parties engaged in extensive discovery. During this discovery process, on August 23, 2021, Phan filed a responsive declaration concerning the 2019 RFO. In his declaration, Phan asserted the parties are dual citizens and residents of the U.S. and Vietnam. Phan argued the family court should deny the 2019 RFO because Nguyen admitted owning purported separate property valued in excess of $3.5 million, including real estate in Vietnam she estimated was worth $2.9 million, which she failed to disclose to the court in her moving papers. Phan asserted the value of Nguyen's purported separate property plus half of the community property exceeded his combined assets, especially in light of the decline of CPVN due to the pandemic.

Beginning on March 21, 2022, the family court held an evidentiary hearing on the 2019 RFO. The evidentiary hearing took place over 11 non-consecutive days, ending on June 15, 2023.

II.

FORUM NON CONVENIENS

Following the filing of closing briefs, on September 11, 2023, the family court, sua sponte, raised the issues of lack of jurisdiction and forum non conveniens. As the court explained, "Although in their pleadings both parties claimed to have resided in California for six months prior to the filing of their respective pleadings, the evidence presented during the hearing on [the 2019] RFO established the contrary. Thus, it appears this case was wrongly filed in California, and jurisdiction is proper in Vietnam." It found that based on the trial testimony and documentary evidence, "[t]he evidence is overwhelming that both parties have been domiciled in Vietnam since at least 2012. Although they may have returned to California one to three times

4

per year to visit, neither are domiciled in California—either currently, nor at the time the Petition or Response were filed."

Thereafter, the family court requested briefing as follows:

"1. Whether the court lacks jurisdiction to dissolve the marriage and enter a dissolution judgment (and thus, rule on [Nguyen]'s request for temporary spousal support and attorney fees) where the court has found neither party meets the California residency requirement of Family Code [section] 2320(a); and

"2. Assuming the court has jurisdiction, whether the court should decline to exercise jurisdiction based on California being an inconvenient forum, in light of the fact the parties reside in Vietnam, the parties own multiple properties in Vietnam, [Nguyen] claims [Phan] has ownership interest in Vietnamese companies (ViePearl and Aqua Nutrition), and potential non-party material witnesses are also located in Vietnam. Moreover, although the parties' community business CPVN is a California company, the sole purchaser of its products since 2014 has been a Vietnamese company and its sole supplier is located in Utah, and although the parties own a home in Westminster, [Phan's] parents have undisputedly resided in the home since 2015."

A. *Parties' Initial Briefing on* Forum Non Conveniens

In response, Nguyen argued the family court has jurisdiction because she never intended to reside in Vietnam permanently. Alternatively, Nguyen argued the residency requirement is not an issue of subject matter jurisdiction and may be waived by either party. She contended Phan failed to object to the residency requirement, and thus the court has jurisdiction.

As to the equitable doctrine of forum non conveniens, Nguyen argued there was no suitable alternative forum because Vietnam does not

5

recognize the parties' marriage since it was not registered in Vietnam. She further claimed Vietnam would be an inadequate forum since she "would not be entitled to any retroactivity as to spousal support, interest in CPVN, ViePearl, or U.S. real estate interest. [She] would also not be entitled to recover the attorney's fees and costs she's incurred." With respect to the balance of private and public interests, Nguyen argued those factors weigh heavily against applying the forum non conveniens doctrine since the parties already submitted extensive evidence including during the "trial" on the 2019 RFO.

Phan argued the family court should decline to exercise jurisdiction under the forum non conveniens doctrine. He contended: "There is a more convenient forum in Vietnam where the parties have lived, acquired various real properties, and conducted their business. Further, all of the material witnesses concerning CPVN and [the] ViePearl business are also living in Vietnam."

On December 11, 2023, the family court found it had "jurisdiction to hear the petition for dissolution as no timely objection was raised." It declined to rule on the issue of forum non conveniens, noting that "no authority was provided to the Court and no evidence was received to inform the Court that this marriage is not accepted in Vietnam." The court ordered further briefing.

B. *Parties' Supplemental Briefing on* Forum Non Conveniens

On January 8, 2024, Phan filed his supplemental brief, arguing the family court should decline to exercise jurisdiction and dismiss the action on the basis that California was an inconvenient forum. Phan argued Vietnam has accepted and recognized the marriage because on December 22, 2023, he "successfully recorded and/or registered the parties' marriage license

6

in Vietnam." Phan argued Vietnam has exclusive jurisdiction over the dissolution action because their marriage is a "marriage with foreign elements" since it involves "'Vietnamese citizens but the basis for establishing, changing, and terminating those relationships is according to foreign law, arising abroad or assets related to such relationship abroad.'" (Italics and underscore omitted.)

Phan also argued the private interests of the parties mandate dismissal. He contended the vast majority of documents concerning various entities (CPVN, ViePearl, & Aqua Nutrition) and key witnesses are located in Vietnam. He claimed the third-party witnesses only speak Vietnamese. Finally, the parties "purchased various Vietnam[ese] real properties during marriage and are currently disputing title and ownership interests of said such properties." Phan also argued the interests of the public mandate dismissal due to difficulty in securing live witnesses, translation problems, and interpreting and applying Vietnamese asset and property laws.

On January 29, 2024, Nguyen filed her supplemental brief. Nguyen first argued the motion to dismiss the action based on forum non conveniens is untimely, and urged the family court to rule on the 2019 RFO. Next, she argued California is a suitable and convenient forum because both parties voluntarily and willingly submitted to the jurisdiction of California and her choice of forum is entitled to substantial weight because she is a California resident. She also asserted that "Vietnam does not have jurisdiction over U.S. income, assets, or liabilities."

Nguyen argued Vietnam was not a suitable forum because Vietnamese courts will not accept a matter pending before a foreign court. Indeed, when Nguyen attempted to file a divorce petition in Vietnamese court, it was returned for this reason. Nguyen agreed with Phan that

7

Vietnamese courts have exclusive jurisdiction over any disputes related to real property located in Vietnam. However, she argued that the real estate claims can be separated, and the family court should, to ensure substantial justice, "maintain jurisdiction over those issues that it has full jurisdiction over (e.g., marital status, spousal support attorney fees and division of assets and debts in California only) and 'stay' or 'dismiss' issues that could only be heard in Vietnam."

Nguyen disputed Phan's translation and interpretation of various Vietnamese statutes relating to the exclusive jurisdiction of Vietnamese courts over marriages between Vietnamese citizens. Citing her legal expert Nguyen Vu Diem, she argued Vietnam does not have exclusive jurisdiction over the instant action involving dual citizens (U.S. and Vietnam) who were married in the U.S., and are not asserting any claims over Vietnamese real estate. She further contended the civil judgment of the family court "may be recognized and enforced in Vietnam" and divorce judgments *will* be recognized and enforced, notwithstanding the fact that Vietnam and the U.S. do not participate in any international treaties related to the recognition and enforcement of foreign civil judgments. Finally, she argued the balance of private and public interests support the denial of Phan's request to dismiss for forum non conveniens, particularly in light of her current requests that the court stay or dismiss claims related to real property located in Vietnam and her additional request to exclude claims related to ViePearl and Aqua Nutrition based on recent information she obtained that Phan has transferred the assets from those companies to a third party.

In reply, Phan asserted the motion to stay or dismiss pursuant to forum non conveniens is timely because it was brought by the family court on

8

its own motion pursuant to Code of Civil Procedure[1] section 410.30, which has no time constraint. Additionally, there has been no trial, just hearings on temporary spousal support, and thus, the concerns about raising forum non conveniens following trial is misplaced. Phan also noted that Nguyen's choice of forum is not entitled to any particular weight because the court already determined she was a resident of and domiciled in Vietnam. Finally, Phan accused Nguyen of misleading the Vietnamese court when she filed her January 2024 divorce petition by not disclosing the parties' Vietnamese citizenship and Nguyen's claims to Vietnamese real estate. Rather, as evidenced by the Notice of Return of Lawsuit Petition, the petition stated the parties are both "U.S. citizens with residence in the United States," and their divorce case has been accepted and processed by a foreign court.

C. *Family Court's Rulings*

On February 26, 2024, the family court denied the 2019 RFO "due to lack of credibility issues of [Nguyen] and the Court finds [Nguyen] has not proved a need due to credibility issues."

On April 9, 2024, the family court found "California is an inconvenient forum and order[ed] this case stayed pending the filing and completion of [a] Vietnamese action." The court determined Vietnam is a suitable alternative forum because both parties are citizens of Vietnam, have been domiciled in Vietnam since at least 2012, own real property in Vietnam, and the marriage has been registered in Vietnam. However, because the court could not determine "whether under Vietnamese law, the Vietnamese court will, or is able to, exercise jurisdiction over property located in the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

9

United States," it decided to "stay instead of dismissing the instant action, until it is determined the Vietnamese court is willing and able to exercise jurisdiction over the entirety of the marital dissolution action."

The court next determined that private interest factors weighed in favor of declining jurisdiction. It explained: "There is greater access to sources of proof in Vietnam than California. The parties have resided continuously in Vietnam since at least 2012, and indeed, neither party was physically present during any of the evidentiary hearing on [Nguyen's] pendente lite request for spousal support and attorney's fees. All testimony was conducted remotely. This impacted the court's ability to assess credibility and created much delay due to technical issues." It further stated: "Although this court conducted a lengthy evidentiary hearing over numerous days (due in large part to difficulties encountered with conducting the hearing remotely with interpreters and documents written in Vietnamese), the hearing merely concerned a request for *temporary* spousal support and attorney's fees. It was not a trial. No property issues were decided, and the issue of permanent spousal support was not addressed. Moreover, it was not discovered by the court until after the evidentiary hearing was well under way that neither party was domiciled in California at the time the dissolution action was filed, and indeed had resided in and worked in Vietnam since at least 2012."

The court concluded public interest factors also weighed in favor of finding California is an inconvenient forum. It stated: "In this case, an evidentiary hearing on [Nguyen's] request for pendente lite spousal support and attorney fees, which initially was given a two-hour time estimate, was heard over numerous days over a one-year period. [¶] Since both parties live in Vietnam, the hearing had to be conducted remotely and with the assistance of Vietnamese language interpreters. This resulted in numerous

10

delays due, in part, to technical difficulties with the parties and interpreters. Additionally, numerous, highly relevant documents were in Vietnamese and had to be translated. Disputes arose over the accuracy of translation. [¶] Although remote hearings have enabled parties to appear remotely, it renders it more difficult for the court to assess credibility. Remote evidentiary hearings are also more time consuming, as there are often audio issues and other technical difficulties. It also is more difficult to display exhibits and to control the proceedings."

Finally, the court concluded Vietnam had a greater interest in the divorce proceeding than California because "a central issue to property division is whether the community property business CPVN was transferred to one or more Vietnamese companies (ViePearl and Aqua Nutrition) and the ownership of those companies" and the parties "own multiple properties in Vietnam."

D. *Appeal and Motion to Take Additional Evidence*

On May 1, 2024, Nguyen timely noticed an appeal from the court's order staying the matter until a final resolution of the issues by a Vietnamese court.

On March 19, 2025, she filed a motion to take additional evidence pursuant to section 909, or alternatively, to take judicial notice of certain documents which she alleges show Vietnamese courts will not accept dissolution petitions until this matter is resolved, including this appeal. We deny the motion and decline to take judicial notice of the evidence because it is duplicative of evidence presented to the family court. Moreover, as discussed below, our resolution of this appeal presumes the Vietnamese courts will not accept any filing of a dissolution petition until the matter is stayed or dismissed, and this appeal completed.

11

Section 410.30 provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (§ 410.30, subd. (a).)[2] "The statute codifies the common law doctrine of forum non conveniens." (*St. Paul Fire & Marine Ins. Co. v. AmerisourceBergen Corp.* (2022) 80 Cal.App.5th 1, 13 (*St. Paul*).) "Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).)

"In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik, supra,* 54 Cal.3d at p. 751.) "The trial court's first determination, whether there is a suitable alternative forum, is a nondiscretionary legal question subject to de novo review. [Citations.] The second determination, the weighing of private and public factors, is

---

[2] While a trial court may raise the inconvenient forum issue on its own motion, it certainly is not required to do so. "The doctrine of forum non conveniens is not jurisdictional." (*Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps Rothenberg & Tunney* (1988) 202 Cal.App.3d 1424, 1430-1431, fn. 8, superseded by statute on another point as stated in *Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 487, fn. 4.) Even when parties to a dissolution are not California residents, they waive the Family Code's residency requirements by failing to make a timely motion to quash. (See Fam. Code, § 2320, subd. (a); Cal. Rules of Court, rule 5.63(b)(3), (e).)

12

discretionary and subject to review only for an abuse of discretion—and we must accord substantial deference to the trial court's balancing of the factors." (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1464 (*Morris*).)

"The granting or denial of such a motion is within the trial court's discretion, and substantial deference is accorded its determination in this regard." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) This broad discretion "'widens when it imposes a stay rather than a dismissal.'" (*St. Paul*, *supra*, 80 Cal.App.5th at p. 13, quoting *National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 918, fn. 7; see also *Century Indemnity Co. v. Bank of America* (1997) 58 Cal.App.4th 408, 411 ["The trial court . . . has considerably wider discretion to grant stays precisely because under a stay California retains jurisdiction. [Citation.] Even an action brought by a California resident is subject to a stay"].)

A. *Waiver*

Before addressing the merits of the forum non conveniens motion, we address Nguyen's claim that Phan waived any application of the doctrine of forum non conveniens due to his extensive delay in making the forum non conveniens objection and his participation in extensive discovery. A forum non conveniens motion may be brought and granted even after extensive discovery. *Williamson v. Mazda Motor of America, Inc.* (2012) 212 Cal.App.4th 449 is instructive. There, a different panel of this Court affirmed the grant of a renewed motion for forum non conveniens because the trial court had found that "while it had initially appeared this case primarily concerned vehicle design and crashworthiness, with discovery nearly complete, defendants' causation defense would also be a major issue at trial. Presentation of this defense would involve the testimony of the numerous Utah accident eyewitnesses." (*Id.* at p. 452.) Similarly, here, it did not become

13

apparent to the family court that the parties were not California residents and that the ownership interests of Vietnamese companies would be major issues until the evidentiary hearing on the 2019 RFO. In sum, we are not persuaded waiver applies in this case. We turn to the merits of the forum non conveniens motion.

B. *Suitable Alternative Forum*

"A forum is suitable if there is jurisdiction and no statute of limitations bar to the action. It is sufficient that the action can be brought, although not necessarily won, in the suitable alternative forum." (*Morris, supra,* 144 Cal.App.4th at p. 1464.)

Here, Phan produced evidence that under Vietnamese law, Vietnamese courts have jurisdiction over a marriage between Vietnamese citizens who are married in a foreign country if the marriage is registered in Vietnam. Nguyen's own evidence establishes that Vietnamese courts have jurisdiction to resolve "[c]ivil cases related to civil relations which are established, changed or terminated outside of Vietnam's territory but involve rights and obligations of Vietnamese . . . individuals . . . or individuals that . . . reside in Vietnam." Additionally, there is no claim that a statute of limitations would bar a dissolution action. Thus, Vietnam is a suitable alternative forum.

Nguyen contends Vietnam is not a suitable alternative forum because it will not accept the filing of a dissolution petition while there is a pending related case in a foreign court. Thus, she argues, no action can be brought in Vietnam while this case is pending. (See *American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 435 ["The availability of a suitable alternative forum for the action is critical"].) However, if the family court's stay order is affirmed, there will be no pending

14

case. Without a pending case, no evidence suggests the Vietnamese courts would continue to reject the filing of a dissolution petition by the parties. Even if the Vietnamese courts continue to reject the filing of a dissolution petition, the stay order would permit Nguyen or Phan to bring those rejected claims to superior court.

More important, it is undisputed that under Vietnamese law, Vietnamese courts have exclusive jurisdiction over real property located in Vietnam.[3] It is also undisputed that the parties' own real estate in Vietnam, and the division, if any, of those properties between the parties is a central part of the dissolution proceeding. Thus, at a minimum, a dissolution petition involving claims to Vietnamese real property *can be brought* in Vietnamese courts notwithstanding the existence of a pending case in a foreign court. Without citation to any legal authority, Nguyen contends the Vietnamese courts do not have jurisdiction over U.S.-based assets. Even if true, the lack of a complete remedy does not preclude a suitability finding. (See *Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 696 ["That the law is less favorable to the plaintiffs in the alternative forum, or that recovery would be more difficult if not impossible, is irrelevant to the determination whether

---

[3] This factor is relevant but not dispositive. "[T]he Family Code provides ground rules for effecting an overall equal division of a community estate that includes out-of-state realty." (Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2025) ¶ 8:1270.) "[F]amily law . . . long ago solved the problem of foreign real property within community estates by recognizing the jurisdiction of a court to *order parties to take action,* as distinct from adjudicating rights directly. Thus, family courts regularly use their jurisdiction over in-state divorcing spouses to order them to take whatever action is necessary to transfer *interests in* real property located out of state, and there is no jurisdictional obstacle to having divorcing spouses account for such property." (*Conservatorship of Hume* (2006) 139 Cal.App.4th 393, 404–405.)

the forum is suitable unless 'the alternative forum provides no remedy at all'"].) In sum, Vietnam is a suitable alternative forum.

C. *Balance of Private and Public Interests*

Having concluded Vietnam is a suitable forum, we turn to step two of the analysis, which is the family court's discretionary balancing of private and public interest factors. "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik, supra,* 54 Cal.3d at p. 751.)

Here, the family court concluded the private and public interest factors weigh in favor of applying the forum non conveniens doctrine. "There is greater access to sources of proof in Vietnam than California." The parties reside in Vietnam and appeared remotely. Although the hearing on the 2019 RFO was given a *two-hour* time estimate, it actually took *over 11 days in a one-year period.* The lengthy time period was due, in part, to technical difficulties resulting from the remote appearance of the parties and their interpreters. Additionally, many relevant documents were in Vietnamese and needed to be translated, and the accuracy of the translations was hotly disputed. Finally, Vietnam has a greater interest in the parties' divorce proceedings than California due to the greater amount and value of the alleged Vietnam-based marital assets. On this record, we find no abuse of

16

discretion in the court's balancing of private and public interest factors. The factors amply support the court's application of the forum non conveniens doctrine to stay the dissolution proceedings pending a final resolution of a Vietnamese action.

Nguyen argues the family court failed to consider other relevant factors. First, she contends the court failed to accord substantial weight to her California residency. We find no abuse of discretion because the family court had previously concluded Nguyen is not a California resident. It was this finding that led to the court sua sponte raising lack of jurisdiction and forum non conveniens. "Where . . . the plaintiff resides in a foreign country . . . the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state where the action is filed." (*Stangvik*, *supra*, 54 Cal.3d at p. 755.) We also are not persuaded that Nguyen has presented sufficient evidence to compel a contrary finding. Although the parties have significant California connections, those connections do not compel a finding that they are California residents.

Next, Nguyen argues that Vietnam has limited interest in the litigation because Phan did not register their marriage until December 22, 2023.[4] It is unclear why a late marriage registration, which reflects an actual marriage, would limit Vietnam's interest in alleged Vietnam-based marital assets, such as the properties the parties own in Vietnam. Nguyen also contends "dismissal would unfairly benefit [Phan]," but the family court stayed the instant action, rather than dismiss it. Nguyen asserts the real

---

[4] It is unfortunate that the parties are still married as of 2026, almost seven years after Nguyen filed for dissolution. But we see no sign that either party moved to bifurcate status before the family court took the inconvenient forum motion under submission in February 2024.

17

estate she owns in Vietnam, acquired during their marriage, is separate property. But whether that real estate actually is separate property, rather than quasi-community property, is disputed, and no court has resolved that dispute. Thus, Vietnam has a great interest in a dissolution action.

Finally, Nguyen contends the family court failed to consider that she withdrew her claims to Vietnam-based assets in the U.S. litigation which she argues "fundamentally undermines the primary justification for the court's forum non conveniens order." However, property division is a key aspect of a dissolution proceeding. To the extent the Vietnamese-based assets are community property or quasi-community property, Phan also has a claim to those assets and he has not withdrawn his claims. In sum, the court considered all the relevant factors and did not abuse its discretion in staying the proceedings pursuant to the forum non conveniens doctrine.

## DISPOSITION

The order is affirmed. Phan is entitled to his costs on appeal.

DELANEY, ACTING P. J.

WE CONCUR:

SCOTT, J.

BANCROFT, J. *

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

18